UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SANDRA ORE,<br><br>　　　　　Defendant. | Case No.  6:19-PO-0018-HBK<br><br>ORDER DENYING MOTION TO SUPPRESS<br><br>(Doc. No.  41) |

Before the Court is Defendant Sandra Ore's motion to suppress incorporated in her Notice of Motions filed on December 17, 2021.  (Doc. No. 41).  The government filed an opposition on December 27, 2021.  (Doc. No. 42).

## I.　　BACKGROUND

On January 1, 2019, as reported in the probable cause statement, Ranger Buckley observed Defendant Sandra Ore's vehicle "following at an unsafe distance" and "tailgating" after following the vehicle for three miles on icy and snowy roads.  (Doc. No. 1-2).  Ranger Buckley initiated an enforcement stop on the vehicle.  (*Id.*).  As a result of the enforcement stop, Ranger Buckley issued a $350 traffic citation for driving without a valid license in violation of 36 C.F.R. § 4.26 and issued a warning for unsafe operations.  (*Id.*).  The traffic citation and supporting statement were filed on May 7, 2019.  (Doc. No. 1).  On Defendant's application, the then-

magistrate judge issued an order appointing a federal public defender for Defendant; counsel entered an appearance on February 6, 2020. (Doc. Nos. 6, 7).

After granting five continuances, the Court held a status conference on March 9, 2021. (oc. No. 22). Although the Defendant indicated that the case may not present issues that require pretrial motion practice; the Court in an abundance of caution set a motions calendar and directed notice by Defendant if she intended to waive motion practice. (Doc. No. 23 at 1:20-22; *see also* Doc. No. 22). On March 22, 2021, Defendant filed a Notice of Intent to Waive Motion Schedule, stating "the undersigned defense counsel finds no issues which require pretrial motion practice and hereby waives the instant motion schedule. The undersigned defense counsel respectfully requests that motions which may arise from future discovery or investigation be considered by the court." (Doc. No. 23 at 23-26). The Court acknowledged this waiver in a minute order of March 26, 2021. (Doc. No. 24).

On July 25, 2021, Defendant requested a continuance of the trial confirmation hearing. (Doc. No. 29). Defendant did not request a setting or resetting of the motion calendar. (*See id.*). On November 5 and 29, 2021, Defendant requested continuances of the trial. (Doc. Nos. 34, 37). Defendant did not request a setting or resetting of the motion calendar. (*See* Doc. Nos. 34, 37).

On December 17, 2021, Defendant filed a motion to suppress. (Doc. No. 41 at 3-5). Defendant argues that Ranger Buckley's supporting statement suggests he may have lacked reasonable suspicion to initiate a traffic stop; she requests an evidentiary hearing. (*Id.*). Defendant takes issue with Ranger Buckley's failure to specifically identify which car Defendant was following too closely, state exactly what distance was left between the cars, or state the exact speed at which Defendant was driving. (*Id.* at 5:1-4).

## II.   APPLICABLE LAW AND ANALYSIS

### A. The Motion Was Waived, Is Untimely, and Is Procedurally Deficient

On March 22, 2021, nearly two years after this case was initiated, Defendant expressly waived motion practice. (Doc. No. 23). Had Defendant not expressly waived motion practice, the Court would have entered the tentative motion schedule, requiring that motions be filed by April 6, 2021 and heard well before the trial in this action. Defendant does not acknowledge this

waiver nor state any facts justifying her changed position at this late date.  Given that the matter on which the motion is based—Ranger Buckley's supporting statement—was filed at the initiation of this action on May 7, 2019, Defendant's change of position is wholly unjustified.

Even if Defendant had not expressly waived motion practice, the instant motion would be untimely.  Under Local Rule 430.1(c), all pretrial motions must be filed within 21 days after arraignment unless a different time is prescribed by the Court.  Defendant first entered a plea of not guilty on February 26, 2020 (Doc. No. 8).  Defendant's motion, filed on December 17, 2021 is therefore untimely.

A party that fails to make a timely motion may seek relief from the court for "good cause."  Fed. R. Crim. Proc. 12(c)(3).  Defendant did not seek relief from her waiver of motion practice, nor did she seek relief from the failure to timely file a motion under Local Rule 430.1. (*See* docket).

Nor can Defendant's motion itself be considered a request for relief for waiver or untimeliness.  The motion does not seek any such relief, does not set forth the basis for any such relief, and does not demonstrate any cause, let alone good cause for the change in position or the delay.  *Cf.* Fed. R. Crim. Proc. 12(c)(3); E.D. Cal. L.R. 430.1(f); *see also* E.D. Cal. L.R. 144(d).

Finally, when a party requests an evidentiary hearing, it must include an estimate of the time required for the hearing.  E.D. Cal. L.R. 430(h).  Defendant's motion includes no such estimate.  Further, "[a]n evidentiary hearing on a motion to suppress need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist."  *United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000) (collecting cases).  Defendant's motion simply does not meet this standard.

Given the foregoing, Defendant has waived her right to seek suppression of evidence, failed to file a timely motion to suppress under the Rules, failed to seek or properly support a request for relief from waiver or request for extension, failed to comply with the Court's procedural rules for evidentiary hearings and failed to set forth specific contested facts to warrant an evidentiary hearing on her motion.  Thus, procedural reasons alone warrants denial of her motion to suppress.

**B. The Motion Fails on the Merits**

Because investigatory traffic stops are akin to the on-the-street encounters addressed in *Terry v. Ohio*, 392 U.S. 1 (1968), the same objective standard applies. *United States v. Choudhry*, 461 F.3d 1097, 1100 (9th Cir. 2006). Under that standard, a law enforcement official "may conduct an investigatory traffic stop if the officer has reasonable suspicion that a particular person has committed, is committing, or is about to commit a crime." *Id.* (internal quotation marks and citation omitted). As the parties agree, reasonable suspicion "is formed by specific, articulable facts which, together with objective and reasonable inferences, form the basis for suspecting that the person detained is engaged in criminal activity." *United States v. Rojas–Millan*, 234 F.3d 464, 468–69 (9th Cir. 2000). California Vehicle Code § 21703 provides: "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon, and the condition of, the roadway."

In her motion, Defendant argues, without citation to authority, that "more than a perfunctory statement is needed" to establish reasonable suspicion. (Doc. No. 23 at 5:5). The Court is not persuaded that only a "perfunctory statement" is at issue here. As Defendant notes, "Ranger Buckley wrote that he followed Ms. Ore's vehicle for approximately 3 miles on an ice- and snow-covered road." (*Id.* at 4:28-5:1). And the probable cause statement indicates that defendant was "following at an unsafe distance" and "tailgating the vehicle in front of it." It is not at all clear that these facts, even standing alone, lack the specificity from which a reasonable inference could be drawn that a violation of California Vehicle Code § 21703 had occurred. *See, e.g.*, *United States v. Patch*, 114 F.3d 131, 134 (9th Cir. 1997) (in tribal member's jurisdictional challenge to conviction, holding that officer-observed "tailgating" provided reasonable suspicion for *Terry* stop). The Court is not inclined to grant an evidentiary hearing on these facts.

Defendant refers the Court to *United States v. Chavez-Valenzuela*, 268 F.3d 719, 726 (9th Cir. 2001), *amended*, 279 F.3d 1062 (9th Cir. 2002), *overruled on other grounds by Muehler v. Mena*, 544 U.S. 93, (2005), suggesting that the officer in that case was able to note several factors which led him to believe the stop was justified. (Doc. No. 23 at 5). In *Chavez-Valenzuela*, Ninth

4

Circuit summarized the situation preceding the stop as:

> Upon observing Chavez-Valenzuela driving a distance of two car-lengths behind the second vehicle while maintaining a speed of roughly 60 miles per hour for approximately two-tenths of a mile, David pulled him over for following too closely, a violation of California Vehicle Code § 21703.[ ] According to David, the DMV regulations call for keeping three seconds behind another vehicle—at 60 miles per hour, a distance of 264 feet or roughly 13 car lengths. Chavez–Valenzuela contends he maintained a distance of 300 yards from the car in front of him.

*United States v. Chavez-Valenzuela*, 268 F.3d 719, 721-21 (9th Cir. 2001), *amended*, 279 F.3d 1062 (9th Cir. 2002). The defendant argued that the officer's speed and distance estimates lacked credibility and should have been rejected by the district court on the defendant's motion to suppress. The Ninth Circuit rejected this argument, noting "We cannot require officers to offer a mathematically precise account of each of the relevant variables" and further stating "Indeed, mathematically precise estimates are difficult for motorists and officers alike, as indicated by Chavez-Valenzuela's assertion that David followed him for five to seven minutes but only traveled 'a mile and some.'" *Id.* at 723, n.3. Thus, the Ninth Circuit did not hold that the level specificity Defendant demands here is required to establish reasonable suspicion. Arguably, the decision suggests the opposite.

The Court finds the facts set forth in the probable cause statement and reasonable inferences warranted Ranger Buckley's reasonable suspicion that a violation of California Vehicle Code § 21703 had occurred. The stop was therefore valid and the motion to suppress must be denied.

ACCORDINGLY, it is hereby **ORDERED**:

Defendant's motion to suppress incorporated in her Notice of Motions filed on December 17, 2021 (Doc. No. 41) is DENIED.

Dated:    January 10, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE