Sean O. Anderson
Legal Officer
NATIONAL PARK SERVICE
Legal Office
P.O. Box 517
Yosemite, California 95389
Telephone: (209) 372-0241

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SANDRA D. ORE,<br><br>Defendant. | Docket Number 6:19-po-00188-HBK<br><br>**GOVERNMENT'S RESPONSE TO DEFENDANT SANDRA ORE'S NOTICE OF FURTHER OBSTRUCTION AND REQUEST FOR REMEDY** |

On July 29, 2022, the government was made aware of a Notion of Further Obstruction and Request for Remedy, filed with this Court by pro se defendant SANDRA D. ORE. Defendant ORE claims the government is withholding complaints filed against the government's witness, Ranger Kevin Buckley.

The government is aware of its discovery obligations, including its obligations under *Brady* and *Giglio*, and after undertaking a review has, to the best of its knowledge, already turned over all discovery required under Rule 16, Brady, and Giglio. The government has fully complied with its obligations under *Brady v. Maryland, Giglio v. United States* and *United States v. Henthorn.*

A defendant retains the right to the production of exculpatory evidence in the government's possession. *Brady*, 373 U.S. at 676-77. That right, protected by the Due Process Clause of the Fifth and Fourteenth Amendments, requires the government to turn over any information about its witnesses that could cast doubt upon their credibility. See *Giglio v. United*

*States*, 405 U.S. 150, 154 (1972). The Ninth Circuit decided in *United States v. Henthorn*, 931 F.2d 29, 31 (9th Cir. 1991), that *Brady* requires the government to examine personnel files of law enforcement officers it intends to call as witnesses at trial upon a defendant's request for their production.

*United States v. Taylor*, 471 Fed.Appx. 499 (6th Cir. 2012) (Rejecting claim that government violated *Brady* by not disclosing information that DEA agent had been subject of civil rights investigation but ultimately cleared and that USAO had concerns that agent may have lied in other cases. "The government's argument that such unsubstantiated allegations are not material under *Brady* is compelling. See *Agurs*, 427 U.S. at 109 & n.16 (commenting that the prosecution has no 'obligation to communicate preliminary, challenged, or speculative information') . . . No court, to our knowledge, has held that *Brady* mandates the disclosure of internal memoranda on the basis that they contain unsubstantiated conjecture about a testifying officer."). *United States v. Taylor*, 417 F.3d 1176, 1178–79 (11th Cir. 2005). Unproven allegations have "the obvious potential to cause serious and unfair prejudice to the government." Id. at 1179–80 (quoting *United States v. Novaton*, 271 F.3d 968, 1007 (11th Cir.2001)).").

*United States v. Wilson*, 303 Fed. Appx. 350 (7th Cir. 2008) (Citizen's "accusations that [police officer witnesses] engaged in misconduct were merely that: accusations, and offered little indicia of reliability. Thus the district court, acting within its discretion, was free to determine that cross examination into the specific instances of misconduct would have been of limited probative value."). *United States v. Dabney*, 498 F.3d 455, (7th Cir. 2007)

There is no outstanding discovery which is due to ORE.

Respectfully submitted,

PHILLIP A. TALBERT
United States Attorney

Dated: July 29, 2022      /S/ *Sean O. Anderson*
SEAN O. ANDERSON
Legal Officer
Yosemite National Park

2