1    IN THE UNITED STATES DISTRICT COURT

2    EASTERN DISTRICT OF CALIFORNIA

3

4    UNITED STATES OF AMERICA,           CASE No. 6: 19-PO-00188-HBK

5                    Plaintiff,

6              v.                         **MOTION TO RECUSE JUDGE**

7    SANDRA ORE,

8                    Defendant.

9

10                        **MOTION TO RECUSE JUDGE**

11

12        Pursuant to Federal law 28 U.S. Code § 455, I hereby file this Motion to Disqualify

13   Judge Barch-Kuchta and in support thereof, state as follows:

14

15

16        1)  Under the **Due Process Clause of the Constitution** everyone is entitled to an

17            impartial judiciary in a criminal matter.

18        2)  Federal law, **28 U.S. Code § 455 - Disqualification of justice, judge, or**

19            **magistrate judge** states in **Section (a)** "Any justice, judge, or magistrate judge

20            of the United States shall disqualify himself in any proceeding in which his

21            impartiality might reasonably be questioned."

22

23        3)  Additionally, **Code of Civil Procedure 170.6 CCP** states in **Section (a) (1)** "A

24            judge, court commissioner, or referee of a superior court of the State of

25            California shall not try a civil or criminal action or special proceeding of any

26            kind or character nor hear any matter therein that involves a contested issue of

27

28

1

law or fact when it is established as provided in this section that the judge or court commissioner is prejudiced against a party or attorney or the interest of a party or attorney appearing in the action or proceeding."

4) The **Code of Conduct for United States Judges** "includes the ethical canons that apply to federal judges and provides guidance on their performance of official duties and engagement in a variety of outside activities." The Code of Conduct must be consistently followed by all federal judges to ensure a fair and impartial trial, but Judge Barch-Kuchta has failed to adhere to Canons 1, 2, and 3.

5) Recently, I filed two Requests for sanctions on the prosecutors' actions that violated my Constitutional Rights under the Sixth Amendment to confront my accusers and to have a speedy trial; that violated Court Orders for discovery, not once but multiple times; that violated the **Federal Rules of Procedure, Rule 16 on Discovery and Evidence** that requires prosecutors to produce evidence and witnesses once requested by the Defendant; and that violated my right to have a crucial witness at trial for my defense and for this witness to produce crucial evidence that would sustain my claims and prove my innocence. With the two motions/requests I provided undisputable evidence (see **Exhibit 1 and 2**). However, Judge Barch-Kuchta ignored all evidence provided to her and blatantly claimed on an order that there was no evidence found in order to favor the prosecutors (see **Exhibit 3**).

6) Judge Barch-Kuchta's has been acting as an advocate for the prosecutors and

2

has also consulted the prosecutor, Jeffrey Spivak, at recorded hearings asking him what to do next with my case when I have brought up issues pertaining to the prosecutors' conduct.

7) Judge Barch-Kuchta has blatantly supported wrongful conduct from the prosecutors and has never held them accountable for their misconduct and violations. Instead, she has been supportive of the prosecutors' behaviors by letting them go unpunished for their actions and by encouraging them to continue with their misconduct by having no consequences set for them.

8) Due to Judge Barch-Kuchta's action to not hold the prosecutors' accountable for their actions, the prosecutors have been acting as if they are untouchable and have perpetrated the same behavior over and over again since they know the judge will do nothing to them.

9) When I missed court on January 10, 2022, due to severe illness after succumbing to COVID19 and to my cancer, she issued a bench warrant for my arrest without any care for my circumstances. Though the court was provided through my former defense attorney all the medical documents that she requested, she has continued to use that absence against me by referring to it on her orders as a failure to appear without clarifying the situation. On her orders, she never clarifies that I was absent due to severe illness and that documentation was provided to her. She only makes an effort to make sure the record reflects that I failed to appear and gives the impression that my absence was deliberate.

3

10) After I missed court on November 19, 2019, due to court error because the court scheduled the first appearance to be held in Yosemite when it was supposed to be held via teleconference in Miami (where I reside), she has continued to intently refer to it as another act of failure to appear in order to prejudice me. She never clarifies what indeed occurred and how that error was later corrected on December 5, 2019 by the former judge who ordered the teleconference to be set (see **Exhibit 4, page 3 and 7**). Exhibit 4 is a copy of the court docket with some minutes included in it by the court.

11) Through her actions, I have developed a great fear for my well-being as a defendant in Judge Bach-Kuchta's court. I do not trust her to be impartial. With her actions both on paper and on recorded hearings, she has shown herself to be very bias and to hold prejudice against me.

12) Judge Bach-Kuchta has clearly demonstrated that she is not concern with fact finding. She is only interested with anything that feeds her confirmation bias. With her order filed on July 29, 2022, she has made it clear that she has already made up her mind about my case before trial has taken place and now only seeks to put on a façade of fairness by going through the legal process, but never putting any attention to any evidence provided in front of her that may contradict her bias.

13) During the pendency of this case, certain actions were taken and statements were made by the Court, the great significance of which was not manifested until the Orders and minutes filed on Friday, July 29, 2022.

4

14) The principal facts constituting the grounds for this Motion were discovered in July. They are being presented to the Court for an immediate ruling. Thus, this motion is timely filed prior to the commencement of trial.

15) I fear that I will not receive a fair and impartial trial, because Judge Barch-Kuchta continues to demonstrate prejudice against me and continues to demonstrate bias and partiality in favor of the opposing party.

**16) Therefore, I will not participate in any trial that Judge Barch-Kuchta holds for my case. I will not engage in any trial proceedings until my case is reassigned to an impartial judge that will afford me fair treatment. And, I will not be coerced, manipulated or threatened by Judge Barch-Kuchta to be imprisoned or in contempt of court because I invoke my right to an impartial and fair trial under the law and elect to not waive my right to a fair trial by refusing to participate in a trial process with her.**

## MEMORANDUM OF LAW

As stated under **28 U.S. Code § 455** and **CCP 170.6**, a judge can be disqualified, or removed, from presiding over a civil lawsuit or a criminal trial if the judge is prejudiced against a party or attorney. In a peremptory challenge, it is not necessary for the party to show that the judge is biased. It is also not necessary for the party to provide any factual basis for their claim. *See Solberg v. Superior Court (1977) 19 Cal.3d 182.* The party just has to state that he/she believes the judge is prejudiced against him/her and

5

the party does not believe they can have a fair and impartial trial. *See California Code of Civil Procedure 170.6 CCP.*

Once a peremptory challenge is made, the judge **cannot** oppose it.  As long as the challenge is made in a timely manner, the judge immediately **loses jurisdiction** over the case.  This means any action that he makes in the case shall be considered "**void.**" *See California Code of Civil Procedure 170.6 CCP.*

The **Code of Conduct for United States Judges** "includes the ethical canons that apply to federal judges and provides guidance on their performance of official duties and engagement in a variety of outside activities."

**Canon 1: A Judge Should Uphold the Integrity and Independence of the Judiciary**

"An independent and honorable judiciary is indispensable to justice in our society. A **judge should maintain and enforce high standards of conduct** and should personally **observe those standards, so that the integrity and independence of the judiciary may be preserved**. The provisions of this Code should be construed and applied to further that objective.

"Deference to the judgments and rulings of courts depends on public confidence in the integrity and independence of judges. The integrity and independence of judges depend in turn on their acting without fear or favor. Although judges should be

independent, they must comply with the law and should comply with this Code. Adherence to this responsibility helps to maintain public confidence in the impartiality of the judiciary. Conversely, violation of this Code diminishes public confidence in the judiciary and injures our system of government under law.

The Canons are rules of reason. They should be applied consistently with constitutional requirements, statutes, other court rules and decisional law, and in the context of all relevant circumstances."

But Judge Barch-Kuchta has not kept an independent and honorable judiciary when she has blatantly disregarded any evidence provided to her by the defense of wrongdoing and actions of bad faith committed by the prosecutor. Throughout recorded hearings, she has made comments making it clear that she has already made up her decision about my case and has found me guilty before holding a trial. The evidence is found in the recorded hearings where Judge Barch-Kuchta expresses her bias and prejudice for me and criticizes me for exercising my right to take the traffic ticket to trial and not paying the fine instead. After Judge Barch-Kuchta realized what she stated, she backtracked on her criticism of me and made another statement to try to correct her bias and prejudice of me.

**Canon 2: A Judge Should Avoid Impropriety and the Appearance of Impropriety in all Activities**

"(A) Respect for Law. A judge should respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."

"(B) Outside Influence. A judge should not allow family, social, political, financial, or other relationships to influence judicial conduct or judgment. A judge should neither lend the prestige of the judicial office to advance the private interests of the judge or others nor convey or permit others to convey the impression that they are in a special position to influence the judge. A judge should not testify voluntarily as a character witness."

**Canon 2A. "An appearance of impropriety occurs when reasonable minds, with knowledge of all the relevant circumstances disclosed by a reasonable inquiry, would conclude that the judge's honesty, integrity, impartiality, temperament, or fitness to serve as a judge is impaired.** Public confidence in the judiciary is eroded by irresponsible or improper conduct by judges, including harassment and other inappropriate workplace behavior. A judge must avoid all impropriety and appearance of impropriety. This prohibition applies to both professional and personal conduct. A judge must expect to be the subject of

8

1  constant public scrutiny and accept freely and willingly restrictions that might be

2  viewed as burdensome by the ordinary citizen. Because it is not practicable to list

3
   all prohibited acts, the prohibition is necessarily cast in general terms that extend to
4

5  conduct by judges that is harmful although not specifically mentioned in the Code.

6  Actual improprieties under this standard include violations of law, court rules, or

7  other specific provisions of this Code."

8

9

10  Sadly, Judge Barch-Kuchta has failed to avoid the appearance of impropriety every

11  time she consulted with the prosecutor prior to set hearings via ex parte communications,

12
    or during set hearings where she would ask him for input on what to do next with the case.
13

14

15  **Canon 3: A Judge Should Perform the Duties of the Office Fairly, Impartially**

16  **and Diligently**

17  "The duties of judicial office take precedence over all other activities. The judge

18
    should perform those duties with respect for others, and should not engage in
19

20  behavior that is harassing, abusive, prejudiced, or biased. The judge should adhere

21  to the following standards:

22

23
    (A) Adjudicative Responsibilities.
24

25  (1) A judge should be faithful to, and maintain professional competence in, the law

26  and should not be swayed by partisan interests, public clamor, or fear of criticism.

27

28

9

(2) A judge should hear and decide matters assigned, unless disqualified, and should maintain order and decorum in all judicial proceedings.

(3) A judge should be patient, dignified, respectful, and courteous to litigants, jurors, witnesses, lawyers, and others with whom the judge deals in an official capacity. A judge should require similar conduct by those subject to the judge's control, including lawyers to the extent consistent with their role in the adversary process.

(4) A judge should accord to every person who has a legal interest in a proceeding, and that person's lawyer, the full right to be heard according to law. Except as set out below, a judge should not initiate, permit, or consider ex parte communications or consider other communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers. If a judge receives an unauthorized ex parte communication bearing on the substance of a matter, the judge should promptly notify the parties of the subject matter of the communication and allow the parties an opportunity to respond, if requested."

Unfortunately, Judge Barch-Kuchta never cared to listen to me and what I have to say. At hearings, she would roll her eyes when I spoke showing me no respect and would turned away her attention while I spoke. When I confronted her about her behavior, she made excuses. Inevitably, she has continued this dismissive behavior against me with any requests or motions I have filed to the court by ignoring evidence provided to her.

1

2          This Motion for Recuse Judge sent via email due to its urgency and via Certified

3
           US Mail #**7022 1670 0001 5207 5261** this August 1st, 2022.
4

5

6                                                           Respectfully submitted,

7

8                                                           *Sandra Ore*

9

10                                                          Sandra Ore, Defendant

11

12     cc: Sean Anderson

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                  11

1     IN THE UNITED STATES DISTRICT COURT

2     EASTERN DISTRICT OF CALIFORNIA

3

4     UNITED STATES OF AMERICA,              CASE No.  6: 19-PO-00188-HBK

5              Plaintiff,

6              v.                            **REQUEST FOR SANCTIONS**

7     SANDRA ORE,                            **ON PROSECUTOR**

8              Defendant.

9

10    ## REQUEST FOR SANCTIONS ON PROSECUTOR'S ACTIONS

11

12         After conducting a careful analysis of all files provided to me by the Federal Defense

13    Attorney's Office and those provided by the prosecutor, I have found that the Prosecutor Jeffrey

14    Spivak and his Legal Officer, Sean Anderson, have done everything they could to mislead the

15    judge, to undermine the judicial process, and to violate constitutional rights meant to protect the

16    rights of the accused. **Their actions have cost me the right to a speedy trial by deliberately**

17    **withholding discovery from me, not once but multiple times**. Ultimately, their actions have

18    caused this case to go far longer than it should have to be resolved **pursuant to the General**

19    **Order Number 92 (Gen. Ord. No. 92 at 3, 20), the Plan for Prompt Disposition of Criminal**

20    **Cases pursuant to the Speedy Trial Act of 1974,** as noted by this court.

21

22         Due to their actions, I have filed through my U.S. Representative a complaint with the

23    U.S. Attorney General's Office to investigate the matter. As I stated before, I am not a convicted

24    felon; I have no history of reckless driving. I am a teacher and have devoted my life to public

25    service and to my community. Throughout the years, I have dedicated myself to mentoring

26    students in foster care who are at high risk of ending homeless or ending as victims of human

27    trafficking and other crimes. I have worked with programs like the Department of Children and

28

1

1   Families' Florida Youth Leadership Academy and Educate Tomorrow to ensure that high school

2   students in foster care enter college and secured living accommodations for them once they have

3   aged out of the Department of Children and Families. I am not a threat nor have ever been a threat

4   to my community to justify the prosecutor's continued pursuit of a conviction for me nor to

5   justify the prosecutor's continued misuse of taxpayer funds on my case.

6

7       Note that **other cases involving the same offense have been dismissed once a valid**

8   **license was presented,** but my case has continued to be prosecuted even though **a valid license**

9   **was presented to the prosecutor** and even though there are **no criminal convictions (priors)**

10   **on my record to justify their pursuit for a conviction.**

11

12       It has become clear that this case is not about upholding justice, but about persecuting me

13   with intent to have me convicted with a misdemeanor by all means, due to racial discrimination

14   and/or professional ambitions to scale to a higher position by increasing their conviction rate

15   through unethical means.

16

17       A misdemeanor conviction for a naturalized citizen like myself means that I may become

18   subject to deportation at a later time as people in power continue to manipulate the laws to make

19   naturalized immigrants like me deportable for any reason including a petit misdemeanor

20   conviction of a traffic offense. These actions should not be a surprise as the persecution of

21   immigrants and minority groups continues to be an issue today in the United States. Due to my

22   suspicions that the actions taken by Attorney Spivak and Legal Officer Anderson are probably

23   being perpetrated against all minorities, specifically people of color like me, I have also filed

24   through my U.S. Representative a complaint with the White House who has forwarded the matter

25   to the appropriate bodies of government to conduct a deep investigation into what is happening to

26   people like me in the Eastern District Federal Courts of California and specifically in Yosemite

27   Federal Courthouse (see **Exhibit 1**). To correct all the violations of law committed by the

28   prosecutor, including violations of civil rights amendments guaranteed by the U.S. Constitution to

1   protect the rights of the accused, I now move the court to place sanctions on all the illegal actions
2   listed below that have been committed by the prosecutor.

3

4                          **STATEMENT OF FACTS**

5

6          On June 27, 2022, a hearing was held and recorded. At the hearing, Attorney Spivak
7   stated that the prosecutor had submitted discovery "multiple times." However, his statement was
8   made to mislead the judge into believing that he and his Legal Officer Mr. Anderson had
9   complied with the laws on discovery when, in fact, they have not done so. Throughout the span of
10  this case, the Prosecutor and his Legal Officer have intentionally withheld discovery and even
11  failed to disclose a witness they intended to have at trial on January 10, 2022, willfully violating
12  **Federal Rules of Criminal Procedure, Rule 16, Discovery and Inspection and Federal Rules**
13  **of Evidence.** As proof of all their endeavors to conceal discovery and to manipulate the court
14  into ruling in their favor, I have attached the following exhibits with explanations below.

15

16      1. On May 12, 2020, Legal Officer Sean Anderson submitted discovery via email to Defense
17         Attorney Benjamin Gerson (see **Exhibits 2 & 3**). The discovery that Mr. Anderson
18         emailed to Mr. Gerson was only a letter and an **attachment labeled 0001** (see **Exhibits 2**
19         **and 3**). The attachment was a typed, printed and **unsigned Probable Cause Statement**
20         that the prosecution entered as Ranger Buckley's "Probable Cause Statement" (see
21         **Exhibit 3**). Note that this typed and fabricated statement created by the prosecutor is
22         considered inadmissible pursuant to **California Penal Code 1538.5, which requires the**
23         **filing of a Probable Cause Statement to be done under oath and under penalty of**
24         **perjury.**

25

26         This typed Probable Cause Statement was never handwritten by Ranger Buckley nor
27         signed under oath by Ranger Buckley on the original ticket and original Probable Cause
28         Statement that he submitted to CVB. Hence, the typed Probable Cause Statement created,

                                              3

1    submitted and used by the prosecutor in their "Government's Trial Brief" under the

2    "Statement of Facts" section is inadmissible pursuant to **Federal Rules of Evidence, Rule**

3    **403, Excluding Relevant Evidence for Prejudice, Confusion, Misleading the Jury (or**

4    **Judge) Waste of Time, Undue Delay, or other reasons**.

5

6    To make the statement valid or admissible, **Ranger Buckley was required to handwrite**

7    **and sign the Probable Cause Statement under oath and under penalty of perjury**

8    shortly after he issued the traffic ticket when the event was clear in the mind.  However,

9    Ranger Buckley never included a handwritten and signed under oath Probable Cause

10   Statement when he submitted the original ticket to CVB on March 14, 2019 (see **Exhibit**

11   **4**). As you will notice from **Exhibit 4, the original ticket is handwritten and it includes**

12   **a section for the Probable Cause Statement that Ranger Buckley chose to leave blank**

13   **when he signed it on January 13, 2019** (see **Exhibit 4**).

14

15   Ranger Buckley did not feel comfortable enough to write a Probable Cause Statement and

16   sign it under oath and penalty of perjury because he knew he had committed an illegal

17   stop.  He intentionally left it blank to cover his illegal act and avoid legal responsibility.

18   He stopped me based on racial profiling and nothing else because I never committed any

19   traffic offense to warrant the stop.  However, **the prosecutor found a way around this**

20   **illegal stop by fabricating a typed and unsigned Probable Cause Statement about a**

21   **year and a half AFTER the original ticket** was issued and **filed with a blank**

22   **Probable Cause Statement by Ranger Buckley** (see **Exhibits 3 & 4**).  Then, the

23   prosecutor included that false and fabricated Probable Cause Statement into their

24   "Government's Trial Brief" under the section "Statement of Facts" to mislead the court

25   into believing there was probable cause for the stop and for the case to continue (see

26   **Exhibit 5**).

27

28   I do not understand how the Defense attorneys assigned to my case never saw this illegal

4

act and failed to bring it to the court's attention. Unfortunately, I never saw these documents until I became a pro se litigant and gained accessed to them. This action was the prosecutor's first act to manipulate the court and the legal process through unethical and illegal means which have violated my rights to a fair legal process.

2. On January 7, 2022, Legal Officer Sean Anderson submitted discovery via email to Defense Attorney Griffin Estes (see **Exhibit 6**). Mr. Anderson submitted these documents 2 days before a trial set on January 10, 2022, giving the defense short notice and limited time to evaluate the documents. Mr. Anderson never provided good cause for his delay in providing discovery to the defense. This was the prosecutor's second act to undermine the court's legal procedures and my rights to a fair trial and defense **per Federal Rules of Criminal Procedure, Rule 16, Discovery and Inspection.**

3. On January 10, 2022, a trial hearing was held. At trial, the prosecutor had Mr. Rallo from Florida DMV attend trial as a witness for the prosecution. This witness was never disclosed to Defense Attorney Griffin Estes to allow him time to prepare to confront that witness. The prosecutor never even bothered to update his witness list with the court to inform all parties about his additional witness. Legal Officer Anderson only updated the prosecutor's witness list on April 27, 2022, after I confronted him about the witness they had **deliberately chosen not to disclose** and had present on January 10, 2022 (see **Exhibit 7**). This was the prosecutor's third act to undermine the legal process and to violate my right to know my accusers and be able to confront them at trial with proper preparation before trial per the **Sixth Amendment rights and pursuant to Federal Rules of Criminal Procedure, Rule 16, Discovery and Inspection.**

4. On April 19, 2022, a hearing was held to withdraw Attorney Griffin Estes from my case. At the recorded hearing, the judge instructed the prosecutor Attorney Spivak to provide me with discovery within 10 days. Attorney Spivak requested that I direct myself to Mr.

5

1    Sean Anderson for the discovery. When I contacted Legal Officer Anderson about

2    discovery, he seemed to be unaware of the judge's order for discovery so I informed him

3    via email about the order and requested that he provide me with discovery within the time

4    ordered by the judge which was 10 days after April 19, 2022 (see **Exhibit 8**). He asked if

5    I had a Drop Box, and I provided him with access to my Drop Box so he could add

6    discovery of the case.

7    However, I never received any discovery from him until June 22, 2022, exactly 2 days

8    before the trial scheduled on June 24, 2022 (see **Exhibit 9**). Exhibit 9 is a copy of an

9    email notification from Drop Box showing the date that Legal Officer Anderson submitted

10   discovery. Legal Officer Anderson's deliberate and willful action to delay discovery

11   affected my ability to properly prepare for trial, so I was forced to request a continuance to

12   have time to inspect the documents. This was the prosecutor's fourth act to undermine the

13   legal process pursuant to **Federal Rules of Criminal Procedure, Rule 16, Discovery**

14   **and Inspection** and to **violate my rights to a fair trial without unnecessary delays**

15   guaranteed under the **US Constitution's Sixth Amendment**.

16

17   5. On Thursday, July 14, 2022, I finally received from the court the subpoenas I requested

18      via Certified US Mail. I promptly sent them to my witnesses. One of the witnesses is for

19      a Director of Records in the Yosemite Police Department. Supervisor Ranger Roy

20      O'Connor instructed me to send the subpoena to yose_legal_office@nps.gov so that it can

21      be processed by Legal Officer Anderson and him. However, I have yet to receive the

22      contact information for the witness requested via subpoena and for the records requested

23      for that witness to produce. I requested via email that they reply to me by July 18, 2022

24      due to the time sensitive matter being a trial set for August 1, 2022, but **Mr. Anderson**

25      **has chosen to ignore my request and cause unnecessary delays again** (see **Exhibit 10**).

26      This is the fifth deliberate act taken by the prosecutor to undermine the legal process

27      which violates my right to a speedy trial pursuant to **General Order Number 92 (Gen.**

28

6

**Ord. No. 92 at 3, 20), the Plan for Prompt Disposition of Criminal Cases pursuant to the Speedy Trial Act of 1974**, as noted by this court.

For all the reasons stated above, I move this court to file sanctions against the prosecutor for inadmissible evidence, for causing unnecessary delays, for violations of my Constitutional right to a speedy trial, for violations of the **Federal Rules of Criminal Procedure, Rule 16, Discovery and Inspection and Federal Rules of Evidence**, and for violations of the **General Order Number 92 at 3,20**, as noted by the court.

This case has been unnecessary delayed by the prosecutor's actions. These delays have been detrimental to my ability to reach a resolution in a timely manner. As a pro se litigant, I have followed all the court's orders while the prosecutor has done anything but followed the court's orders. The prosecutor possesses the legal knowledge to know the actions they have taken are wrong, illegal and unethical. Therefore, there are no excuses to condone their unethical and willful behavior to violate the rights of the accused and to prevent a fair and legal process and trial from taking place. Just like the court, I do not wish to continue dragging this case because of the prosecutor's actions nor should the prosecutor be allowed to carry on with this case without consequence. Therefore, I move this court to issue the highest sanction possible against the prosecutor for the waste of taxpayer funds caused by the prosecutor and for all the violations committed by them. I should not have to continue the trial to another date because of the prosecutor's actions violating my right to a speedy trial nor should the court allow the prosecutor's behavior to continue dragging this case. This case should be dismissed.

This Request for Sanctions to be placed on the prosecutor is being filed via Certified US Mail and via email due to its time sensitive nature this July 22, 2022.

7

1

Respectfully submitted,

2

3

*Sandra Ore*

4

Sandra Ore, Defendant

5

6

7    cc: Sean Anderson

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

## Response to Your Message (Intranet Quorum IMA00)

The White House (imailagent) <noreply@contact.whitehouse.gov>
Mon 6/6/2022 2:06 PM

To: Ore, Sandra <sandra.ore@ufl.edu>

📎 1 attachments (566 bytes)
IQFormatFile.txt;

[External Email]



THE WHITE HOUSE
WASHINGTON

June 6, 2022

Thank you for taking the time to write and share your story with the Biden-Harris
Administration. White House staff reviewed your correspondence and forwarded it
to the appropriate Federal agency for further action. For additional information
about the Federal government in the meantime, please visit www.USA.gov or call 1-
800-FED-INFO.

Sincerely,

The White House



## United States Department of the Interior

NATIONAL PARK SERVICE
Law Enforcement Office
P.O. Box 517
Yosemite National Park, California 95389

May 12, 2020

Benjamin Gerson
Assistant Federal Defender
Office of the Federal Defender
2300 Tulare Street, Suite 330
Fresno, CA 93720

*Sent via email only to: Benjamin_Gerson@fd.org*

RE:    United States v. Ore 6:19-po-00188-JDP

Dear Mr. Gerson:

Pursuant to the Local Rules of Discovery, enclosed is discovery currently available in the above-captioned matter, pages numbered 0001. The video(s) taken by law enforcement in the field during this incident will be provided separately via a secure file transfer site or by thumb drive depending on size. If the Defendant was arrested, video may exist of the defendant's time in the Yosemite Holding Facility. If you wish to view this footage please contact our office to arrange a time.

By accepting and retaining this discovery, you agree that these materials will be used only by you and your staff and that you will not copy or use these materials for purposes other than the preparation of the defense in this case. If you have any questions about this production of discovery, please contact me immediately so that your concerns may be addressed before the next court date in this case.

Pursuant to Rule 440 of the Local Rules of Practice and Rule 16 (b) and 26.2 of the Federal Rules of Criminal Procedure, the government hereby requests reciprocal discovery of the following:

1)  Inspection and/or copies of all books, papers, documents, photographs, tangible objects, or portions thereof in the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence-in-chief at trial.

2)  Inspection and/or copies of the results of any reports of physical or mental examinations and of specific test or experiments made in connection with the above-entitled case

U.S. v. Ore
Page 2

within the possession or control of defendant which the defendant intends to introduce as evidence-in-chief at trial, or which have been prepared by a witness whom defendant intends to call at trial.

    3) All other discovery to which the Government is entitled under Rules 16 and 26.2 of the Federal Rules of Criminal Procedure.

    Pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written demand is hereby made upon defendant in the above-entitled case that he serve upon the Government within ten (10) days hereof written notice of defendant's intention to offer the defense of alibi with names of witnesses thereof.

Sincerely,

Sean Anderson
Paralegal Specialist
Yosemite National Park, CA

Exhibit 3

## STATEMENT OF PROBABLE CAUSE
(For issuance of an arrest warrant or summons)

I state that on January 1, 2019 while exercising my duties as a law enforcement officer in the Eastern District of California

At approximately 1330 hours while patrolling Badger Pass Rd I observed a vehicle following at an unsafe distance. The 2019 red Nissan Versa (CA 8FNK200) was tailgating the vehicle in front of it for approximately 3 miles on ice/snow covered roads. I stopped the vehicle and identified the driver as ORE, SANDRA D by FL driver license. Yosemite Dispatch stated that the license was currently not valid per Flordia's DMV. I cited ORE for 36 CFR 4.2(b) CVC 12500(a): Failure to have valid DL. Audio and video available upon request. She was additionally warned for unsafe operations.

CA 76
Citation # 7575926

The foregoing statement is based upon:
☒ my personal observation   ☒ my personal investigation
☐ information supplied to me from my fellow officer's observation
☐ other (explain above)

I declare under penalty of perjury that the information which I have set forth above and on the face of this violation notice is true and correct to the best of my knowledge.

Executed on: _____   _____
             Date (mm/dd/yyyy)    Officer's Signature

Probable cause has been stated for the issuance of a warrant.

Executed on: _____   _____
             Date (mm/dd/yyyy)    U.S. Magistrate Judge

Inadmissible Statement

Fabricated Statement
made 1 ½ years (±)
after ticket was
issued with a blank
Probable Cause Statement.

Inadmissible Evidence

MISSING Signature from Ranger Buckley
of invalid statement.       Blank
This is not the original A Probable
Cause Statement filed by Ranger Buckley.

0001

(For issuance of an arrest warrant or summons)

Case 6:19-po-00188-HBK   Document 1   Filed 05/07/19   Page 1 of 1

I state that on _Acculey_ 20 __ , while exercising my duties as a law enforcement officer in the _Eastern_ District of _California_

**United States District Court**
**Violation Notice**

| Violation Number | Officer Name (Print) | Officer No. |
|---|---|---|
| 7575926 | K. Buckley | 966 |

**YOU ARE CHARGED WITH THE FOLLOWING VIOLATION**

| Date and Time of Offense (mm/dd/yyyy) | Offense Charged ☒CFR ☐USC ☐State Code |
|---|---|
| 01/01/2019 1330 | 36CFR4.2(b)(x) 12500(a) |

Place of Offense
Badger Pass Rd

Offense Description / Factual Basis for Charge
Failure to have Valid DL

7575926

HAZMAT ☐

**DEFENDANT INFORMATION**

| Last Name | First Name | M.I. |
|---|---|---|
| Orr | Sandra | D |

A ☐ IF BOX A IS CHECKED, YOU MUST APPEAR IN COURT. SEE INSTRUCTIONS (on back of yellow copy)

| Tag No. | State | Year | Make/Model | PASS ☐ Com. |
|---|---|---|---|---|
| 8FUK2CU | CA | 19 | Nissan/Vers- Rd | |

20190101-0009
N919000238

B ☒ IF BOX B IS CHECKED, YOU MUST PAY AMOUNT INDICATED BELOW OR APPEAR IN COURT.
SEE INSTRUCTIONS (on back of yellow copy)

| | |
|---|---|
| $350 | Forfeiture Amount |
| + $30 | Processing Fee |
| $380 | Total Collateral Due |

**PAY THIS AMOUNT →**

**YOUR COURT DATE**
(If no court appearance date is shown, you will be notified of your appearance date by mail.)

| Court Address | Date (mm/dd/yyyy): |
|---|---|
| | Time (hh:mm): |

My signature signifies that I have received a copy of this violation notice. It is not an admission of guilt. I promise to appear for the hearing at the time and place instructed or pay the total collateral due.

X _Defendant Signature_

The foregoing statement is based upon:

☑ my personal observation    ☑ my personal investigation
☐ information supplied to me from my fellow officer's observation
☐ other (explain above)

I declare under penalty of perjury that the information which I have set forth above and on the face of this violation notice is true and correct to the best of my knowledge.

Executed on: 01/13/2019    _(signature)_
              Date (mm/dd/yyyy)    Officer's Signature

Probable cause has been stated for the issuance of a warrant.

Executed on: _____    _____
              Date (mm/dd/yyyy)    U.S. Magistrate Judge

HAZMAT = Hazardous material involved in incident;  PASS = 9 or more passenger vehicle;
CDL = Commercial drivers license;  CMV = Commercial vehicle involved in incident

CVB SCAN 03/14/2019 12:36

Exhibit S

Pg 1 of 3

1   PHILLIP A. TALBERT
    United States Attorney
2   SEAN O. ANDERSON
    Yosemite Legal Officer
3   NATIONAL PARK SERVICE
    Legal Office
4   P.O. Box 517
5   Yosemite, California 95389
    Telephone: (209) 213-8743
6

7   Counsel for Plaintiff
    United States of America
8

9               IN THE UNITED STATES DISTRICT COURT

10              EASTERN DISTRICT OF CALIFORNIA

11
    UNITED STATES OF AMERICA,              CASE NO. 6:19-PO-00188-HBK
12
                        Plaintiff,         GOVERNMENT'S TRIAL BRIEF
13
                    v.                     TRIAL DATE: November 15, 2021
14                                         TIME: 9:00 a.m.
    SANDRA D. ORE,                         COURT: Hon. Helena M. Barch-Kuchta
15
                        Defendant.
16

17
        The United States of America, by and through its attorney, Phillip A. Talbert, United States
18
19  Attorney, and Sean O. Anderson, Yosemite Legal Officer, file this trial brief to aid the court with regard

20  to possible trial issues.

21              I.      **INTRODUCTION AND CASE STATUS**

22  **A. Trial Status**

23      A bench trial is set to begin on November 15, 2021, before the Honorable Helena M. Barch-

24  Kuchta, United States Magistrate Judge. The government believes that all evidence and arguments will

25
    be concluded within one trial day.
26

27  ///

28  ///

                                                                                                        1

1  **B. Charges**

2    The defendant is charged in United States District Court via Violation Notice #7575926 with one

3  count of driving without a valid driver's license, in violation of Title 36 C.F.R. § 4.2(b); incorporating

4

5  California Vehicle Code § 12500(a).

6  **C. Miscellaneous Matters**

7    The government anticipates that its case-in-chief will last one trial day. The charge is a Class B

8  misdemeanor, punishable by not more than six months' incarceration and/or a \$5,000 fine. The

9  government anticipates calling one witness in its case-in-chief.      *Inadmissible   False*
                                                                          *Evidence / Statement*
10

## II.   STATEMENT OF FACTS

11    At approximately 1:30 p.m., while patrolling Badger Pass Road, within the special maritime and

12

13  jurisdictional borders of the United States and within the borders of Yosemite National Park, United

14  States Law Enforcement Park Ranger Kevin Buckley observed a vehicle following at an unsafe distance.

15  The 2019 red Nissan Versa (CA 8FNK200) was tailgating the vehicle in front of it for approximately 3

16  miles on ice/snow covered roads. Ranger Buckley stopped the vehicle and identified the driver as ORE,

17  SANDRA D. by her Florida driver's license. Yosemite Dispatch stated that the license was currently not

18  valid per Florida's Department of Motor Vehicles. Ranger Buckley cited ORE for an alleged violation of

19  Title 36 Code of Federal Regulations § 4.2(b); California Vehicle Code § 12500(a): driving without a

20

21  valid driver's license. She was additionally warned for unsafe operations.

22  ## III.   APPLICABLE STATUTES, REGULATIONS, AND ELEMENTS

23    The offense charged in the United States District Court on Violation Notice #7575926 is driving

24  without a valid driver's license, in violation of Title 36 C.F.R. § 4.2(b): California Vehicle Code

25  § 12500(a). The following elements must be proved beyond a reasonable doubt, citing CALCRIM No.

26  2221. Driving Without a License (Veh. Code, § 12500(a)):

27
        1.    The defendant was driving within the boundaries of Yosemite National Park.
28

2

2.    The defendant was driving a motor vehicle on a highway.

3.    The defendant did not possess a valid driver's license.

Evidence in this trial will prove all elements of this offense beyond a reasonable doubt. Witnesses will testify that Defendant was contacted within the special maritime and jurisdictional borders of the United States, within the borders of Yosemite National Park. Witnesses will further testify Defendant was driving a motor vehicle upon a highway, for which a valid driver's license is required to operate. Finally, witnesses will testify that Defendant did not possess a valid a driver's license.

Dated:  September 20, 2021                    By:    PHILLIP A. TALBERT
                                                     United States Attorney

                                                     /s/ Sean O. Anderson
                                                     Sean O. Anderson
                                                     Legal Officer
                                                     Yosemite National Park

3



# United States Department of the Interior

NATIONAL PARK SERVICE
Law Enforcement Office
P.O. Box 517
Yosemite National Park, California 95389

January 7, 2022

Griffin Estes
Assistant Federal Defender
Office of the Federal Defender
2300 Tulare Street, Suite 330
Fresno, CA 93720

*Sent via email only to: Griffin_Estes@fd.org*

RE:     United States v. Ore 6:19-po-00188-JDP

Dear Mr. Estes:

Pursuant to the Local Rules of Discovery, enclosed is discovery currently available in the above-captioned matter, pages numbered 000002 - 000004. The video(s) taken by law enforcement in the field during this incident will be provided separately via a secure file transfer site or by thumb drive depending on size. If the Defendant was arrested, video may exist of the defendant's time in the Yosemite Holding Facility. If you wish to view this footage please contact our office to arrange a time.

By accepting and retaining this discovery, you agree that these materials will be used only by you and your staff and that you will not copy or use these materials for purposes other than the preparation of the defense in this case. If you have any questions about this production of discovery, please contact me immediately so that your concerns may be addressed before the next court date in this case.

Pursuant to Rule 440 of the Local Rules of Practice and Rule 16 (b) and 26.2 of the Federal Rules of Criminal Procedure, the government hereby requests reciprocal discovery of the following:

1) Inspection and/or copies of all books, papers, documents, photographs, tangible objects, or portions thereof in the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence-in-chief at trial.

2) Inspection and/or copies of the results of any reports of physical or mental examinations and of specific test or experiments made in connection with the above-entitled case

U.S. v. Ore
Page 2

within the possession or control of defendant which the defendant intends to introduce as evidence-in-chief at trial, or which have been prepared by a witness whom defendant intends to call at trial.

3) All other discovery to which the Government is entitled under Rules 16 and 26.2 of the Federal Rules of Criminal Procedure.

Pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written demand is hereby made upon defendant in the above-entitled case that he serve upon the Government within ten (10) days hereof written notice of defendant's intention to offer the defense of alibi with names of witnesses thereof.

Sincerely,

Sean Anderson
Legal Officer
Yosemite National Park, CA



Exhibit 7

**Activity in Case 6:19-po-00188-HBK USA vs Ore Witness List - CR.**

caed_cmecf_helpdesk@caed.uscourts.gov <caed_cmecf_helpdesk@caed.uscourts.gov>
Wed 4/27/2022 6:21 PM

To: CourtMail@caed.uscourts.dcn <CourtMail@caed.uscourts.dcn>

[External Email]

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to
this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits
attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy
of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access
fees apply to all other users. To avoid later charges, download a copy of each document during this
first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do
not apply.

**U.S. District Court**

**Eastern District of California - Live System**

**Notice of Electronic Filing**

The following transaction was entered by Anderson, Sean on 4/27/2022 at 3:19 PM PDT and filed on
4/27/2022

**Case Name:**         USA vs Ore
**Case Number:**       6:19-po-00188-HBK
**Filer:**             USA
**Document Number:** 55

**Docket Text:**
**WITNESS LIST by USA as to Sandra D Ore. (Anderson, Sean)**        ← New Updated
                                                                       Witness List
                                                                       adding Mr. Rallo
**6:19-po-00188-HBK-1 Notice has been electronically mailed to:**      from FLDMV.

Sandra D Ore    sandra.ore@ufl.edu

Sean O Anderson    Sean_O_Anderson@nps.gov

**6:19-po-00188-HBK-1 Electronically filed documents must be served conventionally by the filer to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1064943537 [Date=4/27/2022] [FileNumber=11822501-
0] [73d427cffa57f6c8e988a5ba739f7b1d4e0cc704e454bacf16bcc3eed205b35da7
975d1b786559e91852d9b8fbfbf388c9d58770beba02cc6395cc15ec60d3b9]]



## Re: [EXTERNAL] Request for Meeting

Ore, Sandra <sandra.ore@ufl.edu>
Mon 4/25/2022 1:30 PM
To: Anderson, Sean O <Sean_O_Anderson@nps.gov>

Good Afternoon Mr. Anderson,

Below please find link to my Dropbox file for the Yosemite case. I confirmed that the court gave Mr. Spivak only 10 days to provide discovery. The hearing was held on Tuesday, April 19 which means that discovery should be provided by this Friday, April 29, 2022.

Please **include the dash video camera footage that was on the trooper's vehicle** besides the body camera footage.

Below also find link to our zoom meeting. I'm unable to meet later on Wednesday, so I've scheduled the meeting for Tuesday at 4pm PDT which is the second day and time you provided me.  Thank you.

**Drop Box Folder:**
https://www.dropbox.com/scl/fo/x89kdhuo8e07scjl2hngr/h?dl=0&rlkey=ckko5xl3jrcicweb5it25xl29

**Zoom Meeting Link:**

Topic: Yosemite Case
Time: Apr 26, 2022, 04:00 PM Pacific Time (US and Canada)

Join Zoom Meeting
https://ufl.zoom.us/j/98447359917?pwd=ODF0ZVVKaThVaGZNSkcwaEpJWHdBZz09

Meeting ID: 984 4735 9917
Passcode: 691704

Sincerely,

Sandra Ore

---

**From:** Anderson, Sean O <Sean_O_Anderson@nps.gov>
**Sent:** Monday, April 25, 2022 12:47 PM
**To:** Ore, Sandra <sandra.ore@ufl.edu>
**Subject:** Re: [EXTERNAL] Request for Meeting

[External Email]
Good morning Ms. Ore,

Sean made changes in your shared folders
Dropbox <no-reply@dropbox.com>
Mon 6/27/2022 1:07 AM
To:

• Ore, Sandra <sandra.ore@ufl.edu>



[External Email]

# Activity in **Shared Folders**

Here's what happened in your shared folders last week

☐ **Yosemite**

Ore Exhibit 2 Florida DMV Records US…-HBK001.pdf
Sean added   Wednesday 6/22/2022

Ore Discovery Cover Ltr.pdf
Sean added   Wednesday 6/22/2022

Ore Additional Discovery.pdf
Sean added   Wednesday 6/22/2022

**Follow specific folders and get focused updates**
Follow folders to get more detailed insights, reported
instantly or once per day. Choose a folder to follow

Don't want these weekly digests? Unsubscribe

1800 Owens St, San Francisco, CA 94158 © 2022 Dropbox

Exhibit 10

Pg 22 of 22

## Subpoena for Director of Records

Ore, Sandra <sandra.ore@ufl.edu>
Thu 7/14/2022 5:07 PM
To: yose_legal_office@nps.gov <yose_legal_office@nps.gov>

Good afternoon,

Attached please find copy of the Yosemite Federal Courthouse subpoena for the Director of the Police Records Department.

Please provide me with his/her contact information by July 18, 2022, so that I may follow up with them directly with instructions to attend the trial and to discuss pertinent information with them.

Should you have any questions, feel free to contact me at (786) 810-2347.

Sincerely,

Sandra Ore

1          IN THE UNITED STATES DISTRICT COURT

2              EASTERN DISTRICT OF CALIFORNIA

3

4    UNITED STATES OF AMERICA,              CASE No. 6: 19-PO-00188-HBK

5               Plaintiff,

6               v.                          **NOTICE OF FURTHER OBSTRUCTION
                                            BY PROSECUTOR & REQUEST FOR**
7    SANDRA ORE,                            **REMEDY**

8               Defendant.

9

10

11              **NOTICE OF FURTHER OBSTRUCTION BY PROSECUTOR &**

12                        **REQUEST FOR REMEDY**

13

14          On July 14, 2022, I contacted the Yosemite Police Department to speak with a Supervisor

15   in the Records Department that holds all complaints filed against police officers and possesses

16   records on any misconduct reprimands placed on them. I spoke with Supervisor Ranger Roy

17   O'Connor who instructed me to send a subpoena to yose_legal_office@nps.gov so that he and

18   
19   Legal Officer Sean Anderson could process the subpoena. After our call, I sent a subpoena to the

20   email address provided to subpoena the Director of Records for the Yosemite Police Department

21   or designee and records possessed by him/her (see **Exhibit 1 and 2**).

22

23          It is Friday, July 29, 2022, and I have yet to receive any information about my subpoena

24   for the Director of Records for the Yosemite Police Department. This witness is very crucial to

25   
26   my case to establish a pattern of behavior of misconduct, racial discrimination and profiling

27   committed by Ranger Kevin Buckley. However, Mr. Sean Anderson has denied me access to this

28   very crucial witness and any imperative evidence that he may hold to properly defend myself at

                                              1

1  trial. Mr. Anderson has again chosen to ignore a court order and not act upon it as ordered by the

2  judge. Mr. Anderson is in direct violation of my Constitutional rights to a defense. Mr. Anderson

3  is violating my Sixth Amendment right to have this crucial witness and records present at trial to

4  defend myself. This obstruction cannot be allowed to go unpunished. The court must not allow

5  my rights to a fair trial to be violated. The Constitution provides rights to the accused to protect

6  against government tyranny like what is being displayed by Legal Officer Sean Anderson.

7

8

9  If Mr. Anderson is acting upon the direction of his supervisor Attorney Jeffrey Spivak,

10  then both are violating my Constitutional rights under the Sixth Amendment, both are violating

11  the **Federal Rules of Criminal Procedure, Rule 16, Discovery and Inspection and Federal**

12  **Rules of Evidence,** and both are violating **the General Order Number 92 (Gen. Ord. No. 92 at**

13  **3, 20), the Plan for Prompt Disposition of Criminal Cases pursuant to the Speedy Trial Act**

14  **of 1974**. Whatever the case, I must not be disadvantaged in this manner. The law provides

15  protections to impede this type of illegal behavior that obstructs the judicial process and violates

16  my rights to a fair and speedy trial.

17

18

19  Therefore, I move this court to act upon its inherent power to correct this wrong pursuant

20  to *Chambers v. Nasco*, **Inc. 501 U.S. 32 (1991).**

21

22

23  This Notice of Further Obstruction by Prosecutor and Request for Remedy being sent on

24  July 29, 2022, via Certified US Mail **#7022 1670 0001 5207 5247** and **email due its urgency.**

25

26

27

28

2

1

2

Respectfully submitted,

3

*Sandra Ore*

4

5

Sandra Ore, Defendant

6

7      cc: Sean Anderson

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

## Subpoena for Director of Records

Ore, Sandra <sandra.ore@ufl.edu>
Thu 7/14/2022 5:07 PM

To: yose_legal_office@nps.gov <yose_legal_office@nps.gov>

📎 1 attachments (46 KB)
Yosemite Records Department.pdf;

Good afternoon,

Attached please find copy of the Yosemite Federal Courthouse subpoena for the Director of the Police Records Department.

Please provide me with his/her contact information by July 18, 2022, so that I may follow up with them directly with instructions to attend the trial and to discuss pertinent information with them.

Should you have any questions, feel free to contact me at (786) 810-2347.

Sincerely,

Sandra Ore

Exhibit 2

# UNITED STATES DISTRICT COURT
for the

Eastern District of California

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.    6: 19-PO-00188-HBK |
| Sandra Ore | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To: Director of Yosemite Police Records Department
or designee

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | Courtroom No.: N/A |
|---|---|
| Via Zoom Video Conference | Date and Time: 8/1/22 at 10 AM |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

1) All complaints filed against Ranger Kevin Buckley.
2) All reprimands Issued to Ranger Kevin Buckley for misconduct.

*(SEAL)*

Date: 7/8/22

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
_____ , who requests this subpoena, are:

 Exhibit 3

## Other Orders/Judgments
6:19-po-00188-HBK USA vs Ore

CVB,YNP3

### U.S. District Court

### Eastern District of California - Live System

## Notice of Electronic Filing

The following transaction was entered on 7/29/2022 at 3:36 PM PDT and filed on 7/29/2022
**Case Name:**      USA vs Ore
**Case Number:**   6:19-po-00188-HBK
**Filer:**
**Document Number:** 70(No document attached)

## Docket Text:
**MINUTE ORDER (Text Only Entry): The Court is in receipt, via email, of Defendant's motion titled, "Notice of Further Obstruction by Prosecutor & Request for Remedy." The Court interprets the Defendant's motion as a Henthorn Request which is a matter of discovery. See United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) (requiring the Government to examine the files of testifying law enforcement officers but not requiring the Government to furnish the files to the defendant or the court unless the files contain information that may be material to the defendant's case). The Court presumes the Government obeys the law and abides by its obligations under Brady v. Maryland, Giglio v. United States, and United States v. Henthorn. See In re Hergenroeder, 555 F.2d 686, 686 (9th Cir. 1977). At this time, the Court has no evidence that the Government's conduct warrants sanctions and denies the Defendant's request to impose sanctions on Government counsel. However, the Court is directing the Government to review the personnel file of the testifying law enforcement officer and furnish such material, if warranted, in accordance with its obligations under United States v. Henthorn.**

**Furthermore, the Court is directing the Government to file an affidavit by 08/01/2022 informing the Court whether or not the personnel file of the testifying law enforcement officer contains information material to the defendant's case. If the Government is unsure if the personnel files contains material information, then on 08/01/2022 the Government can submit the file to the court for an in camera review. See United States v. Cadet, 727 F2d 1453, 1467 (9th Cir. 1984). Signed by Magistrate Judge Helena M. Barch-Kuchta on 7/29/2022. (Apodaca, P)**

**6:19-po-00188-HBK-1 Notice has been electronically mailed to:**

Sean O Anderson     Sean_O_Anderson@nps.gov

**6:19-po-00188-HBK-1 Electronically filed documents must be served conventionally by the filer to:**

CVB,YNP3

*Exhibit 4*

# U.S. District Court
## Eastern District of California - Live System (Yosemite)
## CRIMINAL DOCKET FOR CASE #: 6:19-po-00188-HBK All Defendants
### Internal Use Only

*Pg 1 of 7*

Case title: USA vs Ore

Date Filed: 05/07/2019

Assigned to: Magistrate Judge Helena M. Barch-Kuchta

## Defendant (1)

**Sandra D Ore**

represented by **Sandra D Ore**
3086 SW 153 Path
Miami, FL 33185
(213) 447-3567
Email: sandra.ore@ufl.edu
PRO SE

**Benjamin A. Gerson**
Federal Public Defender, District of Nevada
411 E. Bonneville Ave.
Suite 250
89101
Las Vegas, NV 89101
702-388-6577
Fax: 702-388-6261
Email: benjamin_gerson@fd.org
*TERMINATED: 12/06/2021*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Griffin Estes**
Office of the Federal Defender
2300 Tulare Street
Fresno, CA 93721, Ste 330
Fresno, CA 93721
559-487-5561
Email: griffin_estes@fd.org
*TERMINATED: 04/19/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

## Pending Counts

CVC 12500(a) Unlicensed Driver (7575926)
(1)

## Disposition

Case 6:18-po-00188-HBK   Document 72   Filed 08/01/22   Page 41 of 46

**Highest Offense Level (Opening)**

Petty Offense

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Plaintiff**

**USA**                                                              represented by **Sean O Anderson**
National Park Service
Law Enforcement Office
P.O.Box 517
Yosemite, CA 95389
209-372-0243
Fax: 209-372-0210
Email: Sean_O_Anderson@nps.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| **Date Filed** | **#** | **Docket Text** |
|---|---|---|
| 04/19/2022 | 51 | MINUTES (Text Only) for proceedings held via video conference before Magistrate Judge Helena M. Barch-Kuchta: DEFENSE COUNSEL'S MOTION TO WITHDRAW AS COUNSEL OF RECORD and APPOINTMENT OF NEW COUNSEL HEARING as to Sandra D. Ore held on 04/19/2022. Defense counsel submits on the motion on the record. The defendant has no objections to the motion. The Government stated no position as to the motion. The court conducted a hearing with the defendant and defense counsel and inquired into the extent of the communication breakdown. The court, finding a serious breakdown in communications between defendant and defense counsel, **GRANTS** defense counsel's (Doc. No. 49 ) Motion to Withdraw as counsel of record. The Clerk shall remove Griffin Estes as counsel for defendant. The court commits on the record that no sentence of imprisonment would be imposed and finds that appointment of counsel is not mandated by the Sixth Amendment in this case and **DECLINES** to appoint substitute counsel. The defendant will appear Pro Se on this matter. The parties confirmed the government extended a plea offer to defendant, defense counsel communicated the plea offer to defendant and defendant rejected the plea offer. **Within ten (10), the government shall provide all discovery to pro se defendant**. Defendant is ordered to personally appear at all future hearings in this matter. The government's motion to withdraw the bench warrant and abstract is **GRANTED**. The defendant's request for a two-month continuance to prepare for trial is **GRANTED**. Pretrial Hearing set for **06/06/22 at 10:00 AM PCT** in cvbYOSE Yosemite before Magistrate Judge Helena Barch-Kuchta. Bench Trial set for **06/24/22 at 10:00 AM PCT** in cvbYOSE Yosemite before Magistrate Judge Helena Barch-Kuchta. The court orders the defendant to provide current contact information - including telephone number, email address and physical address to the court and |

Case 6:19-po-00188-HBK Document 72 Filed 08/01/22 Page 42 of 46

| | | |
|---|---|---|
| | | government. The Clerk of the Court shall mail a copy of the government Trial Brief (Doc. No. 32 ) and the government Witness List, (Doc. No. 33 ) and copy of the Docket Sheet to Defendant who is a non--CMECF participant. The Pretrial Hearing will be conducted via Zoom. The Bench Trial will be conducted via video conference. The defendant is to personally appear for trial at the District Court in the Southern District of Florida. Government Counsel: Jeffrey Spivak present via video. Defense Counsel: Griffin Estes present via video. Custody Status: (O/R) present via video. Court Reporter/CD Number: ECRO - Araceli Garcia. (Sena, Franceska) (Entered: 04/19/2022) |
| 04/11/2022 | | SERVICE BY MAIL: 50 Minute Order - CR, Set Deadlines/Hearings, served on Sandra D Ore via email. (Sena, Franceska) (Entered: 04/11/2022) |
| 04/11/2022 | 50 | MINUTE ORDER (Text Only Entry) as to Sandra D Ore. The HEARING on Defense Counsel's 49 MOTION to WITHDRAW as Counsel of Record and for Appointment of New Counsel scheduled for Tuesday 4/12/2022 is **rescheduled** to 4/19/2022 at 10:00 a.m. In order for this court to conduct an adequate inquiry and due to the defendant's previous failure to appear (Doc. Nos. 5 , 44 ), the Rule 43 waiver is **REVOKED**. The defendant is **required to appear via zoom** at the hearing on 4/19/2022. The Clerk of the Court shall mail and/or email a copy of this Text Only Order to the defendant who is a non-CMECF participant. Signed by Magistrate Judge Helena M. Barch-Kuchta on 04/11/2022. (Sena, Franceska) (Entered: 04/11/2022) |
| 04/11/2022 | 🔒 | (Court only) YNP3 FLAG SET. (Sena, Franceska) (Entered: 04/11/2022) |
| 04/08/2022 | 🔒 | (Court only) HEARING SET as to Sandra D Ore: 49 MOTION to WITHDRAW as Counsel of Record and for Appointment of New Counsel set for 4/12/2022 at 10:00 AM in cvbYOSE Yosemite before Magistrate Judge Helena M. Barch-Kuchta. (Apodaca, P) (Entered: 04/08/2022) |
| 04/08/2022 | 49 | MOTION to WITHDRAW *as Counsel of Record and for Appointment of New Counsel (Declaration of Conflict)* by Sandra D Ore. (Estes, Griffin) (Entered: 04/08/2022) |
| 03/02/2022 | 🔒 | (Court only) ***STAFF NOTE: Audio of the hearing held on 2/26/2020 before Magistrate Judge Jeremy D. Peterson was e mailed to Griffin Estes on 3/2/2022. (Rosales, O.) (Entered: 03/02/2022) |
| 03/01/2022 | 48 | AMENDED AUDIO RECORDING REQUEST re 46 for proceedings held on 2/26/2020 before Judge Jeremy D. Peterson. (Estes, Griffin) (Entered: 03/01/2022) |
| 03/01/2022 | 47 | AUDIO RECORDING REQUEST 46 CANCELLED. No date was indicated on order form. (Rosales, O.) (Entered: 03/01/2022) |
| 03/01/2022 | 46 | AUDIO RECORDING REQUEST. (Estes, Griffin) (Entered: 03/01/2022) |
| 01/13/2022 | 🔒 45 | *SEALED* (Court only) ** ARREST WARRANT ISSUED by *Magistrate Judge Helena M. Barch-Kuchta* as to Sandra D Ore. (Dunbar-Kari, K) (Entered: 01/13/2022) |
| 01/10/2022 | 44 | MINUTES (Text Only) for proceedings held via video conference before Magistrate Judge Helena M. Barch-Kuchta: A bench trial was scheduled for Monday, 1/10/2022 at 1:00 p.m. via zoom in this matter. The case was called. The Government appeared and was prepared to proceed with two witnesses Ranger Buckley, National Park Service, and Mr. Rallo, Florida Department of Highway Safety and Motor Vehicles. Defendant failed to appear. Counsel for Defendant, represented to the court that he had received an email form an individual on Saturday, 1/08/2022, who represented himself as "Defendant's son" and advised that Defendant was sick and unable to attend the trial. Defense counsel confirmed he has not been able to speak to Defendant directly. The Court, citing the history and numerous delays sought by Defendant, ordered Defendant to produce verification of her illness and inability to attend trial by zoom by close of business Wednesday, 1/12/2022 or |

the Court would issue a bench warrant for her failure to appear. Defendant has provided no response or verification to the Court to excuse her absence. The Court will issue a bench warrant for Defendant's failure to appear. Government Counsel: Sean Anderson present. Defense Counsel: Griffin Estes present. Custody Status: Not Present. Court Reporter/CD Number: ECRO. (Dunbar-Kari, K) (Entered: 01/13/2022)

| 01/10/2022 | 43 | ORDER signed by Magistrate Judge Helena M. Barch-Kuchta on 1/10/2022 as to Sandra D Ore Defendant's motion to suppress incorporated in her Notice of Motions filed on December 17, 2021 (Doc. No. 41) is DENIED. (Dunbar-Kari, K) (Entered: 01/10/2022) |
|---|---|---|
| 12/27/2021 | 42 | OPPOSITION by USA. (Anderson, Sean) (Entered: 12/27/2021) |
| 12/17/2021 | 41 | MOTION IN LIMINE ; *Memorandum of Pts. & Auth.* by Sandra D Ore. (Estes, Griffin) (Entered: 12/17/2021) |
| 12/06/2021 | 40 | DESIGNATION of COUNSEL FOR SERVICE. Added attorney Griffin Estes for Sandra D Ore, attorney Benjamin Asa Gerson terminated. (Estes, Griffin) (Entered: 12/06/2021) |
| 12/06/2021 | 39 | TEXT ONLY ORDER. Due to recent personnel changes in the Office of the Federal Defender the parties jointly move to continue the bench trial from 12/13/2021 to 01/19/22. Doc. No. 37 . After numerous continuances, on 09/01/2021 the court set this case for a 11/15/2021 bench trial. Doc. No. 31 . On 11/05/2021, the court granted defendant's motion to continue the bench trial to 12/13/2021 due to personnel changes in the Office of the Federal Defender. Doc. No. 35 . The Court will GRANT 37 the parties Joint Motion to Continue Bench Trial to the limited extent that the Court will continue the bench trial to Monday, 01/10/2022, at 1:00 p.m. Absent a showing of extraordinary circumstances, no further continuances will be granted. signed by Magistrate Judge Helena M. Barch-Kuchta on 12/06/2021. (Barch-Kuchta, Helena) (Entered: 12/06/2021) |
| 11/29/2021 | 38 | TEXT ONLY ORDER FINDING AS MOOT 36 Joint Motion to Continue Bench Trial in light of Amended Joint Motion to Continue Bench Trial 37 filed this same day. The Court will rule on the Amended Joint Motion 37 by separate order. signed by Magistrate Judge Helena M. Barch-Kuchta on 11/29/2021. (Barch-Kuchta, Helena) (Entered: 11/29/2021) |
| 11/29/2021 | 37 | AMENDED MOTION to CONTINUE amending 36 Motion to Continue *[Joint]* by Sandra D Ore. (Estes, Griffin) (Entered: 11/29/2021) |
| 11/29/2021 | 36 | MOTION to CONTINUE *[Joint]* by Sandra D Ore. Attorney Estes, Griffin added. (Estes, Griffin) (Entered: 11/29/2021) |
| 11/05/2021 | 35 | TEXT ONLY ORDER GRANTING 34 Joint Motion to Continue. Due to personnel changes in the Office of the Federal Defender, the November 15, 2021 bench trial is continued to 10:00 a.m. on December 13, 2021. signed by Magistrate Judge Helena M. Barch-Kuchta on 11/05/2021. (Barch-Kuchta, Helena) (Entered: 11/05/2021) |
| 11/05/2021 | 34 | MOTION to CONTINUE *Joint Motion to Continue Bench Trial* by Sandra D Ore. (Gerson, Benjamin) (Entered: 11/05/2021) |
| 11/04/2021 | | Court updated disposition administratively to NK- rescheduled. (Dunbar-Kari, K) (Entered: 11/04/2021) |
| 11/04/2021 | | CVB USE ONLY:CA76:7575926:NK:11/04/2021:0.00:0.00:0.00:NEF_DISPOSITION_WITH_FEES (Dunbar-Kari, K) (Entered: 11/04/2021) |
| 09/20/2021 | 33 | WITNESS LIST by USA as to Sandra D Ore. (Yosemite Legal Officer, ) (Entered: 09/20/2021) |
| 09/20/2021 | 32 | TRIAL BRIEF by USA as to Sandra D Ore. Attorney Yosemite Legal Officer, added. (Yosemite Legal Officer, ) (Entered: 09/20/2021) |

Case 6:19-po-00188-HBK   Document 72   Filed 08/01/22   Page 44 of 46

| 09/01/2021 | 31 | MINUTES (Text Only) for proceedings held via video conference before Magistrate Judge Helena M. Barch-Kuchta: TRIAL CONFIRMATION HEARING as to Sandra D Ore held on 9/1/2021. Defense consents to a video Bench Trial. Government trial brief due 11/01/2021; Defense trial brief due 11/08/2021. Video will be uploaded to Box and a courtesy cd will be provided to the court for use during the trial. Bench Trial set for 11/15/2021 at 09:00 AM before Magistrate Judge Helena M. Barch-Kuchta. Government Counsel: Sean Anderson present. Defense Counsel: Benjamin Gerson present. Custody Status: Not Present. Court Reporter/CD Number: ECRO. (Dunbar-Kari, K) (Entered: 09/01/2021) |
| --- | --- | --- |
| 08/31/2021 | | SET/RESET DEADLINES/HEARINGS as to Sandra D Ore: On request of Counsel for the defendant, the Trial Confirmation Hearing set for 9/1/2021 at 11:00 AM before Magistrate Judge Helena M. Barch-Kuchta. (Dunbar-Kari, K) (Entered: 08/31/2021) |
| 07/26/2021 | 30 | TEXT ONLY ORDER GRANTING 29 Joint Motion to Continue. The August 5, 2021 Trial Confirmation Hearing is continued to September 2, 2021 at 10:00 a.m. signed by Magistrate Judge Helena M. Barch-Kuchta on 07/26/2021. (Barch-Kuchta, Helena) (Entered: 07/26/2021) |
| 07/26/2021 | 29 | MOTION joint motion to continue trail confirmation hearing from 8/5 to 9/1 by Sandra D Ore. (Gerson, Benjamin) (Entered: 07/26/2021) |
| 05/24/2021 | 28 | HEARING SET: Trial Confirmation Hearing set for 08/05/2021 at 10:00 AM in YOSE before Magistrate Judge Helena M. Barch-Kuchta. (HBK) (Entered: 05/24/2021) |
| 05/05/2021 | 27 | MINUTES (Text Only) for proceedings held telephonically before Magistrate Judge Helena M. Barch-Kuchta: PLEA/TRIAL SETTING as to Sandra D Ore held on 5/5/2021. Trial Confirmation Hearing set for 8/5/2021 at 10:00 AM before Magistrate Judge Helena M. Barch-Kuchta. Government Counsel: Sean Anderson present. Defense Counsel: Benjamin Gerson present. Custody Status: O/R. Court Reporter/CD Number: ECRO. (Dunbar-Kari, K) (Entered: 05/06/2021) |
| 04/27/2021 | 26 | HEARING SET: Plea and Sentence set for 05/05/2021 at 10:00 AM in YOSE before Magistrate Judge Helena M. Barch-Kuchta. (HBK) (Entered: 04/27/2021) |
| 03/30/2021 | 25 | MINUTE ORDER signed by Magistrate Judge Helena M. Barch-Kuchta on 3/30/2021 as to Sandra D Ore: (Text Only Entry) To accommodate changes to the court calendar, the Plea and/or Trial Setting is reset to May 4, 2021 at 10am. The hearing will be held via video and the defendant is required to appear. (Dunbar-Kari, K) (Entered: 03/30/2021) |
| 03/26/2021 | 24 | MINUTE ORDER signed by Magistrate Judge Helena M. Barch-Kuchta on 3/26/2021 as to Sandra D Ore: (Text Only Entry) In light of the defense counsels notice to waive motion schedule, the court sets a Plea and/or Trial Setting for 4/21/2021 at 10am before Magistrate Judge Helena Barch-Kuchta. The hearing will be held via video. Parties should contact the court for video link one week prior to the hearing. (kdunbar-kari@caed.uscourts.gov) (Dunbar-Kari, K) (Entered: 03/26/2021) |
| 03/22/2021 | 23 | NOTICE *of Intent to Waive Motion Schedule*. (Gerson, Benjamin) (Entered: 03/22/2021) |
| 03/09/2021 | 22 | MINUTES (Text Only) for proceedings held telephonically before Magistrate Judge Helena M. Barch-Kuchta: STATUS CONFERENCE as to Sandra D Ore held on 3/9/2021. Motions filed by 4/6/2021; Responses due by 4/20/2021; Replies due by 5/4/2021. The federal defender to file notice by 3/19/2021 confirming if motions are necessary. Government Counsel: Sean Anderson present. Defense Counsel: Benjamin Gerson present. Custody Status: O/R Rule. Court Reporter/CD Number: ECRO. (Dunbar-Kari, K) (Entered: 03/12/2021) |
| 03/03/2021 | 21 | HEARING SET: Status Conference set for 03/09/2021 at 10:00 AM in YOSE before |

Case 6:19-po-00188-HBK   Document 72   Filed 08/01/22   Page 45 of 46

| | | |
|---|---|---|
| | | Magistrate Judge Helena M. Barch-Kuchta. (HBK) (Entered: 09/03/2021) |
| 01/27/2021 | 20 | \*\*\*DOCKETED IN ERROR\*\*\*DISREGARD\*\*\*ORDER *GRANTING* CONTINUANCE of case 6:19-po-00188 JDP until March 9, 2021, signed by Magistrate Judge Helena M. Barch-Kuchta on 1/25/2021 as to Sandra D Ore. (Dunbar-Kari, K) Modified on 1/27/2021 (Dunbar-Kari, K). (Entered: 01/27/2021) |
| 01/27/2021 | 19 | ORDER *GRANTING* CONTINUANCE of case 6:19-po-00188 JDP until March 9, 2021, signed by Magistrate Judge Helena M. Barch-Kuchta on 1/25/2021 as to Sandra D Ore. (Dunbar-Kari, K) (Entered: 01/27/2021) |
| 01/22/2021 | 18 | STIPULATION and PROPOSED ORDER for Continuance. (Gerson, Benjamin) (Entered: 01/22/2021) |
| 12/29/2020 | 17 | Case reassigned from Magistrate Judge Jeremy D. Peterson to Magistrate Judge Helena M. Barch-Kuchta. (kdk) (Entered: 12/29/2020) |
| 10/30/2020 | 16 | ORDER TO *CONTINUE* STATUS CONFERENCE, signed by Magistrate Judge Jeremy D. Peterson on 10/30/2020 as to Sandra D Ore. **Status Conference set for 1/26/2021 at 10:00 AM in cvbYOSE Yosemite before Magistrate Judge Jeremy D. Peterson.** (Dunbar-Kari, K) (Entered: 10/30/2020) |
| 10/29/2020 | 15 | STIPULATION and PROPOSED ORDER for Continuance. (Gerson, Benjamin) (Entered: 10/29/2020) |
| 09/11/2020 | 14 | ORDER TO CONTINUE STATUS CONFERENCE, signed by Magistrate Judge Jeremy D. Peterson on 9/10/2020 as to Sandra D Ore. **Status Conference set for 11/4/2020 at 10:00 AM in Yosemite** before Magistrate Judge Jeremy D. Peterson. (Dunbar-Kari, K) Modified on 9/11/2020 (Dunbar-Kari, K). (Entered: 09/11/2020) |
| 09/10/2020 | 13 | STIPULATION and PROPOSED ORDER for Continuance. (Gerson, Benjamin) (Entered: 09/10/2020) |
| 07/07/2020 | 12 | ORDER TO *CONTINUE* STATUS CONFERENCE signed by Magistrate Judge Jeremy D. Peterson on 7/6/2020 as to Sandra D Ore. **Status Conference reset from 7/7/2020 to 9/15/2020 at 10:00 AM in cvbYOSE Yosemite before Magistrate Judge Jeremy D. Peterson. (Dunbar-Kari, K) (Entered: 07/07/2020)** |
| 07/06/2020 | 11 | STIPULATION and PROPOSED ORDER for Continuance. (Gerson, Benjamin) (Entered: 07/06/2020) |
| 04/29/2020 | 10 | ORDER TO CONTINUE STATUS CONFERENCE signed by Magistrate Judge Jeremy D. Peterson on 4/28/2020 as to Sandra D Ore. **Status Conference set for 7/7/2020 at 10:00 AM in Yosemite (JDP) before Magistrate Judge Jeremy D. Peterson.** (Dunbar-Kari, K) (Entered: 04/29/2020) |
| 04/28/2020 | 9 | STIPULATION and PROPOSED ORDER for Continuance. (Gerson, Benjamin) (Entered: 04/28/2020) |
| 02/26/2020 | 8 | MINUTES (Text Only) for proceedings before Magistrate Judge Jeremy D. Peterson: INITIAL APPEARANCE as to Sandra D Ore held on 2/26/2020. True name; sworn-in; charges, maximum penalties, and rights read. NOT GUILTY PLEA ENTERED. Discovery within 14 days; reciprocal within 21 days - so ordered. Rule 43 waiver in place for all non-dispositive hearings. Obey all laws; if cited must inform the court and the government through counsel within 7 days of being cited; must inform the court within 7 days of any change in address. **Status Conference set for 4/29/2020 at 10:00 AM in Yosemite** before Magistrate Judge Jeremy D. Peterson. Government Counsel: Susan St. Vincent present. Defense Counsel: Benjamin Gerson present. Custody Status: O/R VTC. Court Reporter/CD Number: ECRO. (Dunbar-Kari, K) (Entered: 02/26/2020) |

Case 6:19-po-00188-HBK   Document 72   Filed 08/01/22   Page 46 of 46

| 02/06/2020 | 7 | NOTICE of ATTORNEY APPEARANCE: Benjamin Asa Gerson appearing for Sandra D Ore. Attorney Gerson, Benjamin Asa added. (Gerson, Benjamin) (Entered: 02/06/2020) |
|---|---|---|
| 02/03/2020 | 6 | APPLICATION and ORDER Appointing Counsel, signed by Magistrate Judge Barbara A. McAuliffe on 2/3/2020 as to Sandra D Ore. (Attachment: # 1 CJA 23). (Orozco, A) (Entered: 02/04/2020) |
| 12/05/2019 | | DISPOSITION OF COUNT as to Sandra D. Ore; court reschedules the hearing for a date that can accommodate a video teleconference. Ordered by Magistrate Judge Jeremy D. Peterson on 12/5/2019. (Dunbar-Kari, K) (Entered: 12/05/2019) |
| 12/05/2019 | | CVB USE ONLY:CA76:7575926:Ore:RC:12/5/2019:DISPOSITION (Dunbar-Kari, K) (Entered: 12/05/2019) |
| 11/25/2019 | 5 | Disposition AB Abstract as to count CVC 12500(a), Payments Assessed 480.0, 0.0, 0.0 as to Sandra D Ore. Defendant failed to appear on 11/19/2019 10:00 AM. Motor Vehicle Administration to be notified.. (JDP) (Entered: 11/25/2019) |
| 06/21/2019 | | (Court only) SET/RESET DEADLINES/HEARINGS as to Sandra D Ore: The defendant emailed the court to request a second continuance due to medical issues. The **Initial Appearance reset for 11/19/2019 at 10:00 AM in Yosemite** before Magistrate Judge Jeremy D. Peterson. (Dunbar-Kari, K) (Entered: 06/21/2019) |
| 05/14/2019 | 4 | HEARING SET: Initial Appearance set for 06/25/2019 at 01:00 PM in YOSE before Magistrate Judge Jeremy D. Peterson. (CVB Auto) (Entered: 05/14/2019) |
| 05/14/2019 | | (Court only) NOTICE to Appear was mailed to Sandra D Ore, 2750 SW 149TH Ave, Miami, FL, 33185 on 05/14/2019 for (CVB Auto) (Entered: 05/14/2019) |
| 05/13/2019 | 3 | HEARING SET: Initial Appearance set for 06/25/2019 at 01:00 PM in YOSE before Magistrate Judge Jeremy D. Peterson. (JDP) (Entered: 05/13/2019) |
| 05/07/2019 | 2 | HEARING SET: Initial Appearance set for 05/21/2019 at 01:00 PM in YOSE before Magistrate Judge Jeremy D. Peterson. (CVB Auto) (Entered: 05/07/2019) |
| 05/07/2019 | | (Court only) NOTICE to Appear was mailed to Sandra D Ore, 2750 SW 149TH Ave, Miami, FL, 33185 on 04/19/2019 for (CVB Auto) (Entered: 05/07/2019) |
| 05/07/2019 | 1 | Citation Issued as to Sandra D Ore (1) count(s) 1. (Attachments: # 1 Original Ticket, # 2 Additional Probable Cause) (CVB Auto) (Entered: 05/07/2019) |