1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES,                          Case No.  6:19-po-00188-HBK-1

12        v.                                 ORDER DENYING DEFENDANT'S
                                             MOTION TO RECUSE JUDGE
13   SANDRA D. ORE,
                                             (Doc. No.  72)
14
                                             ORDER ISSUING ABSTRACT
15
                                             ORDER SETTING TRIAL BY ZOOM:
16                                           **SEPTEMBER 20, 2022 AT 10:00 AM PST**

17

18

19          Pending before the Court is *pro se* defendant's Motion to Recuse Judge, which was

20   emailed to the Court on August 1, 2022 at 8:41 A.M., PST.  (Doc. No. 72).  Notably,

21   defendant's bench trial, which has been continued multiple times, was scheduled to begin at

22   10:00 A.M. on August 1, 2022.  (Doc. Nos. 31, 35, 39, 44, 51, 58, 61, 68, 73).

23          Citing to 28 U.S.C. § 455 and "CCP 170.6,"  defendant seeks recusal of the undersigned.

24   (Doc. No. 72 at 1).  Defendant asserts that she does "not trust [the undersigned] to be impartial"

25   because the undersigned has "shown herself to be very biased and to hold prejudice against

26   [defendant]."  (*Id*. at 4, ¶ 11).  Defendant further claims the undersigned "has made it clear that

27   she has already made up her mind about my case before trial has taken place and now only

28   seeks to put on a façade of fairness by going through the legal process, but never putting any

attention to any evidence provided in front of her that may contradict her bias." (*Id*., ¶ 12).

Defendant also accuses the undersigned of violating Judicial Cannons 1, 2 and 3. (*Id*. at 2, ¶ 4).

Defendant lists the following as evidence in support of her claims:

- In ruling on defendant's two requests seeking sanctions against the prosecutors' actions, which defendant alleges included violating defendant's rights to a speedy trial, violating court orders for discovery and denying defendant the right to confront her accusers, the undersigned has "ignored all evidence provided to her and blatantly claimed on an order that there was no evidence found in order to favor the prosecutors." Defendant refers the Court to Exhibits 1 and 2 attached to her motion.[1] (*Id*. ¶ 5);

- the undersigned "has been acting as an advocate for the prosecutors" and "consulted the prosecutor, Jeffrey Spivak," during a hearing when defendant complained of the prosecutors' conduct (*Id*. ¶ 6);

- the undersigned has "blatantly supported wrongful conduct from the prosecutors" and failed to hold them "accountable for their misconduct" instead "encouraging them to continue their misconduct" (*Id*. ¶ 7);

- the undersigned issued a bench warrant for the defendant when she failed to appear for her January 10, 2022 bench trial despite defendant "succumbing to COVID 19 and . . . cancer" despite documentation being provided of defendants' "severe illness" (*Id*. ¶ 9);

- the undersigned repeatedly has referred to defendant's failure to appear at her initial appearance on November 19, 2019 which was "due to court error."

---

[1] Exhibit 1 is defendant's pleading titled "Request for Sanctions on Prosecutor" which is undated but contains a statement that the pleading "is being filed via Certified US Mail and via email due to its time sensitive nature this July 22, 2022." (Doc. No. 72 at 19). As discussed more fully *infra*, defendant as a *pro se* litigant is required to mail her pleadings to the Clerk because she does not have access to electronic filings. Further, despite being instructed to mail the Clerk at the Fresno Courthouse, she mailed her pleading to the Yosemite Courthouse. The Request for Sanctions on Prosecutor was only received by the Court on August 8, 2022. (Doc. No. 74). Exhibit 2 is defendant's pleading titled "Notice of Further Obstruction by Prosecutor & Request for Remedy" which also is undated but contains a statement that the pleading "is being sent on July 29, 2022, via Certified US Mail #7022 1670 0001 5207 5247 and email due to its urgency." (*Id*. at 35). As discussed more fully *infra*, the Court interpreted defendant's pleading as a *Henthorn* Request and directed the government to respond. *See* July 29, 2022 Minute Order (Doc. No. 70).

1      Defendant avers that the error "was later corrected on December 5, 2019 by

2      former judge who ordered the teleconference to be set."  Defendant refers the

3      Court to pages 3 and 7 of Exhibit 4 attached to her motion.[2]  (*Id*. ¶ 10).

4    Defendant states:

5          I will not participate in any trial that Judge Barch-Kuchta holds
           for my case.  I will not engage in any trial proceedings until my
6          case is reassigned to an impartial judge that will afford me fair
           treatment.  And, I will not be coerced, manipulated or threatened
7          by Judge Barch-Kuchta to be imprisoned or in contempt of court
           because I invoke my right to an impartial and fair trial under the
8          law and elect to not waive my right to a fair trial by refusing to
           participate in a trial process with her.
9

10   *Id*. at 5, ¶ 16.

11                    **I.      STANDARD OF REVIEW**

12         Defendant relying upon "CCP 170.6," the California Code of Civil Procedure, and

13   *Solberg v. Superior Court* (1977) 19 Cal. 3d 182 states that "it is not necessary for the party to

14   show that the judge is biased" or "provide any factual basis for their claim."  (Doc. No. 72 at 5-

15   6).  Upon a litigant's stated belief  that a judge is biased, "the judge **loses jurisdiction** over the

16   case." (*Id*. at 6, emphasis in original).  Defendant's reliance on the California Code of Civil

17   Procedure is misplaced.  This Court is not bound by the procedural rules that govern state

18   actions but is governed by federal procedural and statutory rules.

19         As alternatively cited and relied upon by Defendant, whether a federal judge is required

20   to recuse oneself is governed by 28 U.S.C. § 455.  Title 28 U.S.C. § 455 provides that a

21   "magistrate judge shall disqualify [herself] in any proceeding in which [her] impartiality might

22   reasonably be questioned" or "[w]here [she] has a personal bias or prejudice concerning a

23   party."  28 U.S.C. §§ 455(a).  "The standard for judging the appearance of partiality requiring

24   recusal under 28 U.S.C. § 455(a) is an objective one and involves ascertaining 'whether a

25   reasonable person with knowledge of all the facts would conclude that the judge's impartiality

26   might reasonably be questioned.'"  *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008);

27   *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1991) (citations omitted).  The "reasonable

28   _____
     [2] Exhibit 4 is a printout of the docket sheet in this case.

1     person" is not someone who is "hypersensitive or unduly suspicious," but rather is a "well-

2     informed, thoughtful observer." *Holland,* at 913. "The standard "'must not be so broadly

3     construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest

4     unsubstantiated suggestion of personal bias or prejudice.'" *Holland*, 519 F.3d at 913.

5         The court's analysis is "fact-driven" requiring "an independent examination of the

6     unique facts and circumstances of the particular claim at issue." *Id*. at 914 (citation omitted).

7     Thus, "except in the "rarest of circumstances," recusal under § 455(a) is limited to "extra

8     judicial source" factors requiring the reason for recusal to be "something other than rulings,

9     opinions formed or statements made by the judge during the course of trial. *Id*. (citing *Liteky v.*

10     *United States,* 510 U.S. 540, 554–56, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)).

11                       **II.     ANALYSIS**

12     **Motion to Recuse**

13         Applying these principles to the instant matter, the Court declines to recuse itself from

14     this case. Notably, the reasons provided by Defendant, in addition to being factually incorrect,

15     stem from the Court's refusal to dismiss this case or impose sanctions on the prosecutor which

16     are not extra judicial source factors.

17         Defendant's claims that the Court "ignored" evidence of misconduct by the prosecutor is

18     without basis. A summary of the procedural history is warranted to address Defendant's claim.

19     On April 19, 2022, and Court held a hearing on the Federal Public Defender's motion to

20     withdraw. (Doc. No. 51). After hearing from the Defendant and defense counsel, the Court

21     found a serious breakdown in communication and granted the motion to withdraw. The Court

22     declined to appoint substitute counsel committing on the record that it would not impose a

23     sentence of imprisonment should the Defendant be adjudicated guilty of the offense.[3] (*Id*.).

24     The Court granted Defendant's request for a sixty day continuance of the trial and set a bench

25     trial on June 24, 2022. (*Id*.).

26

27 [3] On January 1, 2019, a Violation Notice was issued to Defendant for an alleged violation of 36 C.F.R. §4.2(b) incorporating California Vehicle Code 12500(a), failure to have valid driver's license. (Doc. No. 1). The Violation Notice provided Defendant with the option to forfeit $380.00 in collateral ($350.00

28 fine + $30 processing fee) in lieu of appearance.

1      On June 23 2022, the eve of trial, Defendant emailed[4] an "Emergency Filing Motion for

2 Continuance" to the Court.  (Doc. No.60).  Defendant claimed the Court improperly denied her

3 appointment of counsel, refused to assist her in issuing and serving subpoenas, and claimed the

4 Government failed to provide her with all the discovery.  (*Id*.).[5]  The Court continued the bench

5 trial to August 1, 2022 and held a status conference to address on June 27, 2022, and issued an

6 order continuing the bench trial to August 1, 2022.  (Doc. No. 61.).  At the status conference,

7 the government stated all discovery had been provided to Defendant multiple times by both

8 previous defense counsel and the government.  (Doc. No. 63).  To resolve the discovery issue,

9 the Court directed Defendant within seven (7) days to file a motion identifying what additional

10 discovery she was seeking and requiring the government to file a response thereafter, and

11 "include specific dates in which they provided the defendant what discovery she is requesting."

12 (*Id*.).  Defendant failed to file a motion identifying any requested and/or missing discovery.

13 Despite, Defendant not filing a motion, the government filed a response attesting to the

14 discovery previously provided to defense counsel and confirming that "all discovery previously

15 submitted to ORE's defense counsel" was provided to Defendant on April 25, 2022.  (Doc. No.

16 66 at 2).

17      On July 25, 2022, the Court issued a Minute Order confirming the August 1, 2022 bench

18 trial and offered the Defendant the option to appear by Zoom from the Southern District of

19 Florida at their Fort Lauderdale Courthouse or from her home.  (Doc. No. 68).  In an abundance

20 of caution, the Court reserved a video conference room at the Fort Lauderdale Courthouse and

21 directed the Defendant to advise the Court no later than July 28, 2022 of her preference.  (*Id*.).

22 Defendant failed to notify the Court of her preference.

23      At the outset, the Motion for Sanctions to which Defendant refers the Court was only

24 received by the Court on August 8, 2022.  (*See* Doc. No. 74).  While Defendant emailed a

25

26 [4] On April 25, 2022, the Court denied *pro se* Defendant motion for access to the Court's E-Filing service.  (Doc. No. 54).  Defendant was expressly instructed that she was required to "mail all pleadings" to the Clerk in the Fresno Division of this Court and was provided the address for mailing.  (*Id*. at 4, ¶2).

27 Despite this ruling, Defendant continues to email pleadings on the eve of trial and label them emergencies.
[5] By separate written order dated June 28, 2022, the Court addressed the other aspects of Plaintiff's

28 motion.  (Doc. No. 64).

1    courtesy copy to the Court, the Court does not accept filing by email.  Further, Defendant did

2    not label her motion an emergency.  (*Id.*).  Given that Defendant stated she had mailed the

3    Motion for Sanctions on July 22, 2022 by certified mail, the Court presumed it would receive

4    the mailing before the start of the bench trial.  Furthermore, in its April 25, 2022 Order, the

5    Court instructed Defendant to mail any pleadings to the Fresno Division and provided

6    Defendant with the address for mailing.  (Doc. No. 54 at 4, ¶ 2).  Despite this directive,

7    Defendant mailed the subject Motion to the Yosemite Court.  Due to its remoteness, mail is

8    unusually delayed if mailed to Yosemite.  Further, routine clerical functions are not available at

9    the Yosemite Court.  As of the date of this Order, the time for the Government to respond to the

10   Motion has not yet expired.  The Court will rule on the Motion when it becomes ripe.  *See* Local

11   Rule 430.1(e) (requiring criminal motions set for hearing not less than 14 days after service);

12   and Local Rule 140(f) (oppositions due to be filed "7 days after the motion is filed" and replies

13   "no more than 4 days" after the opposition).

14        On Friday, July 29, 2022, Defendant again improperly emailed the Court a pleading

15   titled "Notice of Further Obstruction by Prosecutor & Request for Remedy."  Despite

16   Defendant's continued disregard for the local rules and the Court's April 25, 2022 Order, the

17   Court addressed Defendant's pleading due to its allegations of withholding discovery that would

18   violate *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991) and trial being imminent.  The

19   Court ordered the Government to inform the Court no later than Monday, August 1, 2022, if it

20   complied with its obligations under *Henthorn*.  (Doc. No. 70).  On Sunday, July 31, 2022, the

21   Government informed the Court that it complied with *Henthorn*.  (Doc. No. 71).

22        On August 1, 2022, Defendant's bench trial was to proceed at 10:00 AM PST.  The

23   Courtroom Deputy received the following email:

24

25        **From:** Ore, Sandra <sandra.ore@ufl.edu>
          **Sent:** Monday, August 1, 2022 8:41 AM

26        **To:** Patricia Apodaca <PApodaca@caed.uscourts.gov>
          **Subject:** URGENT: Motion to Recuse Judge

27
          Good morning Ms. Apodaca,

28

6

1       Attached please find a copy of my Motion to Recuse Judge.  It is
being sent via email due to its urgency and via Certified US Mail.

2

3       It is being filed today after receiving the judge's order late last
Friday after court hours.  Please let the judge know that I'm
invoking my right to a fair trial and demanding her recusal.  I will

4   not participate in any trial with her due to her partiality and bias in
favor of the prosecutor.  Thank you.

5

    Sincerely,

6

    Sandra Ore

7

8       Due to  technical issues the trial proceedings were delayed by approximately 15 minutes.

9   (Doc. No. 73).  When the technical issues were resolved, Defendant disconnected herself from

10   the Zoom proceedings and emailed the Courtroom Deputy the following message:

11       **From:** Ore, Sandra <sandra.ore@ufl.edu>

12       **Sent:** Monday, August 1, 2022 10:13 AM
    **To:** Patricia Apodaca <PApodaca@caed.uscourts.gov>

13       **Subject:** Re: URGENT: Motion to Recuse Judge

14       Hello Mr. Rivera,

15       It seems to me that the judge may be having another ex parte
meeting with the prosecutor, Mr. Jeffrey Spivak.  This is exactly

16   what they did before in other hearings when both were late to the
hearing.

17

18       Let the judge know that I will not play into these games anymore
where they ambush me after speaking with each other on how to
proceed at my disadvantage.  That is improper behavior not

19   mention a violation of judicial procedure.

20       I will not proceed with any more hearings or trials under this
judge. I exert my right to a fair trial and legal process.

21

22       I've waited here long enough for them to keep me waiting while
they scramble on how to take advantage of me and my case and
cover themselves for all their wrongdoing. Good day.

23

    Sincerely,

24

    Sandra Ore

25       Contrary to Defendant's unfounded allegations, the Court was not having *ex parte*

26   communications with any party.  Instead, the IT Department was attempting to resolve the

27   technical issues the Courtroom Deputy was experiencing.  In fact, Mr. Jeffrey Spivak, who

28

1  Defendant alleges the undersigned was having *ex parte* communications with, was not present
2  on behalf of the Government for the bench trial.  (Doc. No. 73).

3  After the technical issues were resolved, the Court called Defendant's case.  (*Id*. at
4  ECRO 00:16).  The Court asked the parties to enter an appearance and Mr. Anderson made his
5  appearance on behalf of the Government.  When asked if the Government was prepared to
6  proceed, the Government answered in the affirmative and Defendant interjected saying, "I'm
7  not proceeding with any trial.  I already said that.  I already filed my motion.  Thank you very
8  much."  (Id. at 00:30-00:36).  The Court asked who was appearing on behalf of Defendant and
9  Defendant responded, "Sandra Ore, I am not appearing on any trial.  This is not a trial.  I am
10  filing a motion to recuse you from this case."  (*Id*. at 00:39-00:46).  The Court informed
11  Defendant that it was prepared to rule on the Motion and proceed to trial and the Defendant
12  voluntarily terminated her connection of the Zoom proceedings.  (*Id*. at 00:46-01:03).  The
13  Government identified the names of all witnesses who were present and prepared to testify.  The
14  Court asked the Government how it would like to proceed, and the Government requested the
15  Court proceed with a trial in Defendant's abstentia.  The Court advised that it did not believe the
16  Court could proceed *in abstenia*.  The Government thereafter asked for an arrest warrant and an
17  abstract to issue, which the Court granted but withheld issuance.  (*Id*.).

18  Section 455 requires a party to show more than an "unsubstantiated suggestion of
19  personal bias or prejudice."  *Holland*, 519 F.3d at 913.  Otherwise, a judge could recuse herself
20  "for any reason or no reason at all; we could pick and choose our cases, abandoning those that
21  we find difficult, distasteful, inconvenient or just plain boring."  *Id.* at 912.  In the absence of a
22  legitimate reason to disqualify herself, "a judge should participate in cases assigned."  *Id.*
23  (citations omitted).  None of the grounds identified by Defendant justify recusal of the
24  undersigned under § 455.

25  Contrary to Defendant's allegations, the Court has been more than accommodating to
26  *pro se* Defendant.  The Court addressed each of Defendant's motions concerning alleged
27  discovery abuses by the Government and permitted a last minute continuance despite the fact
28  that Defendant's motions which were not filed in accordance with local rules or this Court's

1   Order.  (*See* Doc. Nos. 64, 70).  Defendants' claims that her speedy trial rights have been

2   violated are without merit.  Defendant is charged with a Class B misdemeanor.  The Speedy

3   Trial Act does not apply to Class B and C misdemeanors or infractions.  18 U.S.C. § 3172(2).

4   Further any delay in this case is attributable to the defense who sought numerous continuances.

5   Indeed, as further evidence that the Court has accommodated Defendant, prior to proceeding pro

6   se, the Court granted numerous motions by defense counsel for continuances and has permitted

7   Defendant, who resides in Florida, to appear via Zoom for proceedings.  (*See* Doc. Nos. 8, 10,

8   14, 16, 19, 30, 35, 39).

9          Further, a bench trial was previously scheduled for November 15, 2021 but was

10  continued twice at the request of the defense to January 10, 2022.  (Doc. Nos. 31, 34, 25, 37,

11  39).  Defendant admits she failed to appear at her January 10, 2022 but claims her failure to

12  appear was due to her "succumbing to COVID19 and to [her] cancer." (Doc. No. 72 at 3).[6]  She

13  claims despite submitting medical documents to the court through her previously appointed

14  defense counsel the Court issued an arrest warrant for her nonappearance.  (*Id*.).  The record

15  clearly reflects that no medical documentation was submitted to the Court and defense counsel

16  was afforded three days to attempt to contact the defendant and obtain appropriate medical

17  documentation before an arrest warrant issued.  (*See* Doc. Nos. 44, 45).

18         Similarly, Defendant faults the Court for referring to her repeated failures to appear,

19  including her failure to appear at the initial appearance, which Defendant claims was "due to

20  court error." (Doc. No. 72 at ¶ 10).  The docket reflects that the previous magistrate judge

21  issued an abstract and assessed Defendant a $100 fine due to her failure to appear at her twice

22  rescheduled November 19, 2019 initial appearance.  When conducting Defendant's November

23  19, 2019 initial appearance, the former magistrate judge did not rescind the $100 fine assessed

24  for Defendant's failure to appear.  Thus, there was no finding by the Court that Defendant's

25  failure to appear was due to "court error" as claimed by Defendant.

26  _____

27  [6] When the case was called, counsel for Defendant, represented to the Court that he had received an email form an individual on Saturday, 1/08/2022, who represented himself as "Defendant's son" and advised that Defendant was sick and unable to attend the trial.  Defense counsel further confirmed he has not been able to speak to Defendant

28  directly.  (Doc. No. 44).

1    Defendants' arguments that she has been denied the right to confront her accuser or that

2    the Court has disregarded her evidence is unfounded.  Defendant must proceed to trial to

3    confront her accuser and present her evidence.  Considering the Court has granted multiple

4    continuances, permitted Defendant to appear by Zoom, ensured that Defendant received all

5    discovery (despite her unsupported allegations and the fact that her motions are not timely nor

6    filed in compliance with local rules or this Court's Order) the Court finds that no reasonable

7    person with knowledge of all the facts would conclude that the undersigned's impartiality might

8    reasonably be questioned.  The Court declines to recuse itself from this case.  Further, the Court

9    will not address any other motions emailed to the Clerk. **All future motions must be mailed to**

10   **the Clerk of Court in Fresno as directed in the April 25, 2022 Order.**

11          **This Matter Will Proceed to Bench Trial**

12          Defendant emphatically states she will not participate in any further proceedings before

13   the undersigned stating, "[t]herefore, I will not participate in any trial that Judge Barch-Kuchta

14   holds for my case.  I will not engage in any trial proceedings until my case is reassigned to an

15   impartial judge that will afford me fair treatment." (Doc. No. 72 at 5).  As discussed *supra*,

16   Defendant has not stated a basis under § 455 to recuse the undersigned.

17          The Court resets this case for a bench trial via Zoom for **Tuesday, September 20, 2022**

18   **2022 at 10:00 AM PST**.  "[A] defendant may be tried in absentia when, after sufficient notice,

19   he or she knowingly and voluntarily fails to appear for trial.  To hold otherwise 'would allow an

20   accused at large upon bail to immobilize the commencement of a criminal trial and frustrate an

21   already overtaxed judicial system until the trial date meets, if ever, with [her] pleasure and

22   convenience.'" *United States v. Houtchens*, 926 F.2d 824, 826-27 (9th Cir. 1991) (citing

23   *Government of Virgin Islands v. Brown*, 507 F.3d 186, 189 (3d Cir. 1975)).

24          Defendant, after failing to appear at her January 10, 2022 bench trial, appeared at her

25   August 1, 2022 bench trial but disconnected herself after the case was called.  (Doc. Nos. 5, 44,

26   73).  As the docket shows, the Court has the correct contact information for Defendant and has

27   been able to appropriately inform her of all hearings.  (*See* docket); s*ee also Houtchens*, 926

28   F.2d at 827-28 ("the record shows that the petitioner was informed of the original trial

10

date…This notice was sufficient to evoke a knowledgeable waiver of petitioner's right to be present.  Brewer's failure to know of the continued dates of his trial…is directly attributable to his failure to keep in contact with the court and his attorney.  *A defendant cannot be allowed to keep himself deliberately ignorant and then complain about this lack of knowledge*.") (quoting *Brewer v. Raines*, 670 F.2d 117, 119 (9th Cir. 1982)).  "Once a defendant has deliberately violated a court order to appear for trial, and thus waived [her] right to be present, the judge's discretion should not be limited to extraordinary circumstances." *Id*. at 827.  Despite Defendant's assertion that the bench trial called on August 1, 2022 was not a trial, it was in fact a trial in which Defendant made an appearance prior to disconnecting.  (*See* Doc. No. 73 at 00:16-01:03).  Defendant is warned that if she fails to appear at her **September 20, 2022 trial via Zoom at 10:00 AM PST**, the Court will construe her absence as knowingly and voluntarily and the trial will proceed *in abstentia*.

Accordingly, it is **ORDERED**:

1. Defendant's motion to recuse judge (Doc. No. 72) is DENIED.

2. Defendant's bench trial is continued to **Tuesday, September 20, 2022 at 10:00 A.M. via Zoom**.

3. The Court declines to issue an arrest warrant .

4. The Government's request for an abstract is GRANTED.

Dated:    August 15, 2022

HELENA M. BARCH-KUCHTA

UNITED STATES MAGISTRATE JUDGE